HENDRY, Chief Judge.
This is an interlocutory appeal from an order -denying appellant-husband’s motion to quash appellee-wife’s supplemental amended complaint on jurisdictional grounds.
Appellee filed a complaint on April 8, 1965 in the circuit court of Dade County for separate maintenance pursuant to § 65.09, Fla.Stat., F.S.A. alleging extreme cruelty. Personal service of process was obtained upon the appellant. Appellant filed an answer to the complaint and thereafter returned to his place of residence in Illinois, where he has remained.
On August 9, 1965 appellee moved to file a supplemental amended complaint for divorce, pursuant to § 65.04, Fla.Stat., F.S.A. alleging therein that she had fulfilled the six month residency requirement immediately preceding the filing of said complaint. The same grounds alleged in support of the separate maintenance action were, alleged in support of the prayer for divorce. This motion together with a notice of hearing were served upon the appellant’s attorney. The chancellor granted the motion and the appellant moved to quash the supplemental amended complaint on jurisdictional grounds. It is from the denial of this motion that appellant has taken this interlocutory appeal.
It is appellant’s contention that the court lost jurisdiction over the person when the appellee filed the amended complaint because it changed the cause of action from one for separate maintenance to one for divorce. Appellant argues that since the divorce action was a new cause the appel-lee was required to re-serve him with process in accordance with the statutory requirements governing constructive service of process.
Under our more liberal attitude toward pleadings, amendments should be allowed where the basic cause of action is not changed.[1] It has been stated in regard to the relation back of amendments that the test “is not whether the cause of action stated in the amended pleading is identical to that stated in the original, but whether the pleading as amended is based upon the same specific conduct, transaction or oc *51 currence between the parties upon which the plaintiff tried to enforce his original claim.” [2]
This court considered a similar sitúation in Kitchens v. Kitchens, Fla.App.1964, 162 So.2d 539. We found it unnecessary to decide the question of jurisdiction in the Kitchens decision because the minimum standards of due process were violated when the defendant was not notified of the amended complaint for divorce following a decree pro confesso based upon an original complaint seeking separate maintenance. Nevertheless, it was our view that the chancellor might have retained jurisdiction to grant the divorce upon proper application had notice been given.
In the case before us, proper notice of the amended complaint pursuant to Rule 1.4(b), Florida Rules of Civil Procedure, 30 F.S.A., has been served upon the appellant’s attorney. Further, the prayer for divorce is based upon the same specific conduct between the parties upon which the appellee attempted to enforce her original claim.
We have concluded that the amended complaint was properly allowed and that therefore the notice given was sufficient.
The appellant has also argued that it was necessary to re-serve him in accordance with the statutory requirements governing constructive service of process since the appellee had not satisfied the six months residency requirement necessary to obtain a divorce pursuant to § 65.02, Fla.Stat., F.S.A. until immediately preceding the filing of the amended complaint.
Length and character of residence do not affect jurisdiction over the person but only jurisdiction over the subject matter.[3] Section 65.02, supra, requires that the complainant reside six months in Florida before filing a complaint for divorce. Unless the requirement is satisfied the court lacks jurisdiction over the subject matter.[4]
The appellee has shown that she resided in the state for six months before filing the amended complaint for divorce. It is our view that this satisfied the requirement of § 65.02, supra. Therefore, we find that the court had jurisdiction over the subject matter of the divorce action.
Having found no error the order of the chancellor is affirmed.
Affirmed.

. McNayr v. Cranbrook Investments, Inc., Fla.1963, 158 So.2d 129.

. Keel v. Brown, ina.App.1964, 162 So.2d 321, 323.

. Rollins v. Rollins, 155 Fla. 83, 19 So.2d 562 (1944).

.Id.