323 So.2d 651 (1976)
Andrew J. McKELVEY, Appellant,
v.
Elaine McKELVEY, Appellee.
No. 75-239.
District Court of Appeal of Florida, Third District.
January 9, 1976.
Sinclair, Louis & Siegel and Neil A. Shanzer, Hilton Carr, Jr., Miami, for appellant.
Richard P. Kenney, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant, a non-resident, appeals that portion of a final judgment finding that the court had acquired jurisdiction over his person.
This rather bizarre case was inaugurated in October 1974 upon the filing of a complaint *652 by Mrs. Elaine McKelvey, appellee herein, for a declaratory decree wherein she alleged that (1) she and the defendant, appellant herein, Andrew McKelvey, were husband and wife, but were living separately; (2) Andrew in August 1974 purchased a home in Dade County, Florida and took title in his name and that of Emily P. McKelvey, whose real name is Emily Craney; and (3) Emily was never Andrew's wife. Mrs. McKelvey prayed for a declaration that she was entitled to a dower interest in the house and other relief incidental thereto. The complaint also contained an allegation that Andrew had concealed himself from the service of process and was believed to be in California. Elaine McKelvey filed an affidavit in support of constructive service of process by publication and a motion pursuant to RCP 1.310 seeking to take the depositions of Mr. and Mrs. Rex Wallin prior to the expiration of 30 days after process to ascertain the whereabouts of Andrew. The trial court granted the motion and entered a temporary injunction enjoining and restraining Andrew from selling or in any way encumbering the subject house. The depositions were scheduled for October 15, 1974 and on that date attorney Dana P. Brigham, who allegedly was representing the deponents, filed a notice of taking the deposition of Elaine on October 21, 1974 and stated therein that deponents, the Wallins, desired to determine why they were being annoyed by having their depositions taken. Simultaneously, Mr. Brigham also filed a motion for protective order and alleged (1) the court was without jurisdiction over the deponents because the complaint fails to state a claim upon which relief can be granted, (2) the complaint should be denied for inconsistencies on its face, and (3) the complaint would be moot upon a lis pendens being filed by Elaine McKelvey. On October 25, 1974 a hearing was held on this motion of the deponents at which Mr. Brigham argued on behalf of the Wallins. The trial judge then entered his order denying the motion for protective order and finding that the deponents were not entitled to take the deposition of Elaine. On November 18, 1974 Elaine moved for entry of default judgment against Andrew as no pleadings of any kind had been filed as of the return date of November 11, 1974.[1] A copy of this motion was mailed to Mr. Brigham as attorney for Andrew. Mr. Brigham then filed, allegedly on behalf of the deponents Mr. and Mrs. Wallin, a motion to rehear their motion for protective order and to grant their motion to dismiss. This pleading was captioned as a motion to alter or amend judgment although the allegations thereof are silent with respect thereto. After oral argument of counsel, the trial court denied same.
In December 1974, Elaine moved to amend her complaint to seek as additional relief alimony unconnected with divorce pursuant to § 61.09, Fla. Stat., attorney's fees, and costs and in addition, to join as additional parties defendant, Telephone Marketing Programs, Inc. and G.H. & L., Inc., two corporations which maintain offices in Miami and in which Andrew is the principal or sole stockholder. Again, Elaine prayed that service by publication be effected upon Andrew. A notice of hearing on this motion was mailed to Mr. Brigham as attorney for Andrew. On December 17, 1974 Elaine's motion to amend came on for a hearing at which Mr. Brigham announced he was not there on behalf of any of the defendants, but rather to get permission to withdraw the court file for the purpose of copying all pleadings and documents. The motion to amend was granted and Mr. Brigham's request was denied. After several more hearings, the trial judge on January 16, 1975 entered his order finding the court had jurisdiction over the person of the defendant, Andrew J. McKelvey, and thereupon granted to Elaine McKelvey the relief prayed for in her amended complaint. Andrew appeals *653 the jurisdiction portion of the January 16 order. We affirm.
Jurisdiction over a defendant is acquired either by service of process on him or by his voluntary appearance[2] and submission, and generally this appearance of a defendant is made through an attorney. See 3 Fla.Jur. Appearances §§ 4, 6 (1955). Moreover, in determining the character of an appearance, the court always will look to matters of substance, rather than of form. Bowmall v. Bowmall, 127 Fla. 747, 174 So. 14 (1937) and 5 Am.Jur.2d Appearance § 14 (1962).
Implicit in the trial judge's determination that the court had acquired in personam jurisdiction over the defendant Andrew J. McKelvey was the finding that the actions of Mr. Brigham were consistent with his representation of the defendant. We find there is ample evidence in the record to sustain this conclusion of the trial judge.
Having concluded that the trial judge committed no reversible error in determining Mr. Brigham's actions to be consistent with his representation of the appellant, we now must resolve the issue of whether this appearance was of a general nature which would confer in personam jurisdiction or merely of a special nature.
A general appearance ordinarily will be effected by making a motion involving the merits of plaintiff's claim and his right to maintain the suit and secure the relief sought. See 3 Fla.Jur.Appearances § 11 (1955) and cases cited. The motion for protective order filed by Mr. Brigham was in effect a motion to dismiss for, inter alia, failure to state a claim upon which relief can be granted, a ground going to the merits. See St. Anne Airways, Inc. v. Webb, Fla.App. 1962, 142 So.2d 142 at 143; Green v. Roth, Fla.App. 1966, 192 So.2d 537 at 540; Stavang v. American Potash and Chemical Corporation, 344 F.2d 117 (5th Cir.1965). Hence, we find the trial judge was correct in determining the court had obtained in personam jurisdiction over Andrew McKelvey.
Last, we turned our attention to the final argument in this appeal that assuming arguendo an appearance of counsel, the trial court erred in finding and exercising personal jurisdiction over Andrew after the complaint was amended to set forth a different cause of action.
The following holding in Gilbert v. Gilbert, Fla.App. 1966, 187 So.2d 49 at 50 we believe is dispositive of this issue:
"[1] Under our more liberal attitude toward pleadings, amendments should be allowed where the basic cause of action is not changed. It has been stated in regard to the relation back of amendments that the test `is not whether the cause of action stated in the amended pleading is identical to that stated in the original, but whether the pleading as amended is based upon the same specific conduct, transaction or occurrence between the parties upon which the plaintiff tried to enforce his original claim'." [Emphasis Supplied]
In the case at bar, the pleading as amended is based upon the same conduct of the defendant Andrew McKelvey, i.e. his living with a woman not his wife, putting the home in this woman's name and avoiding his legal responsibility to provide support for his wife, Elaine McKelvey. More important, Mr. Brigham, was served with the motion to amend thereby receiving notice. See Gilbert, supra. Thus, we must reject this argument of appellant.
For the reasons stated hereinabove and upon the authorities cited, we hereby affirm the appealed order of the trial court.
Affirmed.
NOTES
[1] Never brought on for hearing or entered by the clerk of the court.
[2] Which cures defects in service of process.