BOARDMAN, Chief Judge.
Appellee, former wife, filed a petition for dissolution of marriage against appellant, former husband, and a final dissolution was entered on February 3,1972. Appellee was granted the custody and control of the five children born of the marriage. Appellant was ordered to pay the sum of $90 per week for the support of the children.
On February 11, 1976, appellee filed an affidavit complaint alleging that appellant had feloniously and willfully withheld support from the minor children between September 15, 1975 until February 11, 1976 in violation of Section 856.04, Florida Statutes. Section 856.04 provides in pertinent part:
Any man who shall in this state desert his wife and children, or either of them, or his wife where there are no children or child, or who shall willfully withhold from them or either of them, the means of support, or any mother, who shall desert her child or children, or who shall willfully withhold from them the means of support, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084. However, no husband shall be prosecuted under this section for the desertion of his wife, or for withholding from his wife the means of supporting, her where there is existing, at the time of such desertion or withholding, such cause or causes as are recognized as ground or grounds for dissolution of marriage, by statute, in this state, if such person shall have provided ■ for the support of his children, if there be any.
At the time that the affidavit was filed appellant was a nonresident of Florida living in North Carolina. Appellant was extradited to Florida under the Uniform Interstate Extradition Act, Chapter 941, Florida Statutes, and returned to the Charlotte County Jail. On January 19, 1977, he was served in jail with a writ of ne exeat, and bond was fixed in the amount of $20,000. Appellant, through his counsel, filed a motion to quash the service of the writ upon him on the grounds that:
3. Respondent was brought into this state by extradition from the State of North Carolina based on criminal charges arising out of the same facts upon which the Petition for Writ of Ne Exeat is grounded.
4. The criminal charges are still pending against Respondent and he has been neither convicted nor acquitted.
5. Service of the Writ of Ne Exeat is premature and improper under Chapter 941, Section 941.25, F.S.A.
*780 After a hearing the Honorable Charles T. Carlton, the same judge who rendered the order of final dissolution of the marriage of these parties, entered an order denying the motion to quash the writ of ne exeat finding:
1. That this Court has previously acquired personal jurisdiction of respondent, Richard Donald Pifer, in this cause by virtue of his appearance in the proceedings for dissolution of the marriage of the parties to this cause.
2. That because this Court previously acquired personal jurisdiction of respondent as aforesaid, Section 941.25, F.S.A. is not applicable to proscribe the issuance of the Writ of Ne Exeat by this Court on January 18, 1977.
Appellant timely appeals from that order.
This appears to be a case of first impression. Neither the briefs of counsel for the respective parties nor our independent research has disclosed a decision precisely on point. The sole issue raised on appeal is whether appellant, after extradition to this state, is immune from service of the writ of ne exeat under Section 941.25, Florida Statutes. Section 941.25, entitled “Immunity from service of process in certain civil actions,” provides that:
A person brought into this state by, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited.
We hold that appellant is not immune and that the trial court’s ruling was correct and proper.
A writ of ne exeat is an ancillary writ, the purpose of which is:
one of restraint to maintain the presence of the defendant within the state, for the purpose of securing the practical application of legal process.
Pan American Surety Co. v. Walterson, 44 So.2d 94, 96 (Fla.1950). A court does not acquire personal jurisdiction by service of the writ, rather it must have jurisdiction prior to issuance of the writ. See 23 Fla. Jur. Ne Exeat § 4 (1959).
In the case before us appellant was personally served with a summons and copy of the complaint filed by appellee in the dissolution of marriage action. The circuit court had continuing jurisdiction over the person of appellant to enforce the subsequent dissolution of marriage decree. Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973). The writ of ne exeat was ancillary to the final judgment of dissolution.
We agree with the trial judge that Section 941.25 is not applicable to the factual situation presented here. In our judgment it was not the intent of the legislature to immunize a person who was subject to the jurisdiction of a Florida court in a civil action prior to the time he was extradited to this state for an alleged criminal violation.
AFFIRMED.
SCHEB and OTT, JJ., concur.