PEARSON, Judge.
This interlocutory appeal is from an order of the trial court denying the motion of defendant, Eddie Lee Cornileus, Jr., to abate the action against him as a defendant. The issue presented is one of jurisdiction over the person of the defendant. The relevant facts are set out in two orders of the trial court.
The first order, dated June 13, 1977, found:
“1. That the Defendant, EDDIE LEE CORNILEUS, JR. never received Service of Process in this Action and that STEVEN L. BERZNER, ESQ., entered an unauthorized appearance on behalf of the Defendant, EDDIE LEE CORNILEUS, JR. in this Action.
“2. That the Defendant EDDIE LEE CORNILEUS, JR., received no Pleadings filed in this Action until after a Final Judgment for Partial Damages was entered against him on December 16, 1976.
“3. That this Court lacks jurisdiction over the person of the Defendant, EDDIE LEE CORNILEUS, JR.”
Thereafter, the same order provided:
(1) that motion to vacate final judgment of the defendant Eddie Lee Cornileus, Jr., was granted; and (2) that the defendant should file a responsive pleading to the plaintiff’s amended complaint within 20 days. The defendant properly pointed out the inconsistency in the order in his motion to abate. The trial court entered its second order, which denied the motion to abate.
It is apparent that if the trial court did not have jurisdiction of the defendant, it could not order him to proceed with a defense of the cause. The plaintiff urges that the failure to serve the defendant personally is not fatal if a court acquires jurisdiction by the defendant’s voluntary appearance and submission to the jurisdiction of the court. Citing McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976). The record submitted is devoid of any action of this defendant which can be construed as a voluntary appearance and submission to the jurisdiction of the court. See Fla.R.Civ.P. 1.140(b).
Reversed with directions to grant defendant Eddie Lee Cornileus, Jr.’s, motion to dismiss him from this action.