ON PETITION FOR WRIT OF HABEAS CORPUS
PER CURIAM.
On May 25, 1982, a complaint seeking an accounting, injunctive relief, the appointment of a receiver, and damages was filed. James F. Khawly, alleged in the complaint to be a resident of Dade County, was, with others, named as a defendant. On the following day, Khawly was served with a copy of the complaint along with a copy of a writ of ne exeat issued by the respondent. The writ commanded the Sheriff, inter alia:
“to detain the Defendant, JAMES F. KHAWLY, and to require him to give bond in the sum of Five Thousand and no/100 Dollars ($5,000.00) payable to the Governor of Florida and his successors in office conditioned that the Defendant . . . will not depart from the State of Florida without leave of Court .... If the Defendant does not give the Bond, he shall be taken into custody and be confined in the Dade County jail until he gives the Bond or until further order of this Court. If the Defendant does not give the Bond, he shall be brought before a judge of this Court within twenty-four hours of his confinement.”
Khawly was seized and imprisoned until he posted the required $5,000 bond. Correctly asserting that his freedom continues to be restrained by the writ of ne exeat and that habeas corpus relief is available to him, see, e.g., Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); Sellers v. Bridges, 153 Fla. 586, 15 So.2d 293 (1943), Khawly requests that we grant him such relief and discharge him from the writ of ne exeat.
Khawly argues that the issuance of a writ of ne exeat and the consequent seizure of his person is constitutionally impermissible when, as here, it is accomplished without a pre-seizure notice or opportunity to be heard. We need not reach this constitutional issue in order to grant Khawly relief. In our view, Khawly is entitled to relief simply because the sole allegation of the complaint upon which the writ of ne exeat was predicated is an expressed concern based “upon information and belief” that Khawly would attempt to leave the jurisdiction of the court upon the filing of the action and before process could be served upon him.
It strikes us as obvious that if the only alleged purpose for seeking a writ of ne exeat is to insure that a defendant in a civil suit will be served with the summons and complaint,[1] that there is hardly any reason to serve the defendant with a writ of ne exeat when he could as well be served with the legal process itself. Thus, there exists the requirement that the issuance of a writ of ne exeat must be supported not only by allegations of a threatened departure from the jurisdiction of the court, but also by an allegation that the effect of such departure will be to enable the defendant to avoid his obligation to the plaintiff and render any ensuing judgment against the defendant ineffectual. Bronk v. State, 43 Fla. 461, 31 So. 248 (1901); 57 Am.Jur.2d Ne Exeat § 7 (1971). Not only does the instant complaint lack any assertion that an ultimate debt will be jeopardized by Khawly’s departure, but, moreover, the assertion that Khawly was about to depart, made “on information and belief” and unsupported by any other fact, is equally insufficient to satisfy the first prong for a ne exeat writ. 57 Am.Jur.2d Ne Exeat § 11 (1971).
Accordingly, the petition for writ of ha-beas corpus is granted, and the writ of ne exeat issued by the trial court is discharged.

. Assuming, arguendo, that such an allegation would support the issuance of a writ of ne exeat, any necessity for the writ would have been obviated when Khawly was served with process.