456 So.2d 590 (1984)
Eligio BARRIOS, Appellant,
v.
SUNSHINE STATE BANK, Appellee.
No. 84-1455.
District Court of Appeal of Florida, Third District.
October 2, 1984.
Proenza & White, Miami, for appellant.
Sparber, Shevin, Shapo & Heilbronner and Nancy Schleifer, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and JORGENSON, JJ.
JORGENSON, Judge.
This is an appeal by Barrios from the trial court's order denying his motion to dismiss. For the reasons which follow we reverse.
The single issue presented by this appeal is the question of whether the filing by Barrios' attorney of a Motion for Enlargement of Time constituted a general appearance and hence a waiver of Barrios' defense of lack of personal jurisdiction and insufficiency of service of process. It does not.
Barrios, a resident of Switzerland and president of Goldstone Company, N.V., was sued as a guarantor on Goldstone, Ltd.'s $650,000 promissory note and security agreement with Sunshine State Bank when Goldstone, Ltd., defaulted. A motion on behalf of Barrios and Goldstone Company, N.V., for enlargement of time within which to answer or otherwise respond to the complaint was granted. Thereafter, Barrios moved to dismiss the complaint, contending the court lacked personal jurisdiction over him due to a failure of service of process and insufficient service of process.
Sunshine State Bank's contention that Barrios consented to jurisdiction by virtue of the Motion for Enlargement of Time is without merit. Although the motion states within: "with respect to the Complaint served upon them ..." (emphasis supplied), it is a mere technical piece of paper and does not constitute a general appearance by Barrios' attorney reflecting submission to jurisdiction and waiver of defense, see Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla. 1982), aff'g Weatherhead *591 Co. v. Coletti, 392 So.2d 1342 (Fla. 3d DCA 1980); nor could a general appearance be presumed by such motion which did not go to the merits of the case. See Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA 1984); cf. McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976).
Sunshine State Bank's attempt to secure personal jurisdiction over Barrios pursuant to section 48.193(1)(g), Florida Statutes (1983), must satisfy section 48.194, Florida Statutes (1983),[1] and it did not. See P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978). No affidavit or competent evidence showing personal service as statutorily required was submitted.
The order under review is accordingly reversed.
Reversed.
NOTES
[1] Section 48.194, Florida Statutes (1983), reads as follows:

Personal service outside state.  Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made. (Emphasis supplied.)