PER CURIAM.
The order awarding the appellant's interest in the property owned by himself and his ex-wife, the appellee, as tenants in common is vacated. By final order rendered on July 20, 1982, the trial court ordered the partition of the property in question through its sale and the subsequent division of the proceeds between the parties. This partition order was affirmed by this court, Franks v. Franks, 430 So.2d 463 (Fla. 3d DCA), review denied, 433 So.2d 519 (Fla.1983), and our mandate was issued on May 27, 1983. Accordingly, the trial court was without jurisdiction to amend or modify the order, affirmed by this court, and grant some new, different or further relief. See Wood v. Manatee Bay Corp., 386 So.2d 320 (Fla. 2d DCA 1980). Therefore, the order rendered on July 12, 1984 purporting tc award the appellant’s interest in the property to the appellee as lump sum alimony is a nullity and is hereby vacated and set aside.[1]

. This decision is without prejudice to the appel-lee to have the final judgment of dissolution enforccd and obtain any alimony arrearage or other monies due from appellant under the judgment as allowed by law. See, e.g., §§ 61.-11, .12, .17, Fla.Stat. (1983); Fla.R.Civ.P. 1.570.