BASKIN, Judge
(dissenting).
Banco de Costa Rica appeals a non-final order denying its motion to dismiss based on lack of personal jurisdiction. Norberto Rodriguez sued Banco de Costa Rica seeking damages for the dishonor of four checks drawn on Banco’s corresponding bank account at Citizens and Southern International Bank of Miami (C & S). Prior to effecting initial service on Banco, Rodriguez mailed a copy of the notice and renot-ice of taking of deposition of C & S to Banco. Banco moved to quash the notice, renotice of taking of deposition, and subpoena duces tecum accompanying the notice because Rodriguez had not yet effected service of process on it. The trial court denied the motion to quash. Banco then filed a motion to dismiss asserting lack of personal jurisdiction and failure to state a cause of action. Rodriguez opposed the motion, alleging that Banco had waived its right to raise lack of personal jurisdiction by filing its motion to quash. The trial court denied the motion to dismiss. I would reverse.
“Without proper service of process, the court lacks personal jurisdiction over the defendant,” Carlini v. State Dept. of Legal Affairs, 521 So.2d 254, 255 (Fla. 4th DCA 1988) (en banc); see also Parish Mortgage Corp. v. Davis, 251 So.2d 342 (Fla. 3d DCA), cert. denied, 254 So.2d 789 (Fla.1971), unless defendant voluntarily submits to the jurisdiction of the court. Public Gas Co. v. Weatherhead Co., 409 So.2d 1026 (Fla.1982); Cummings v. Palm Beach Marble & Tile, Inc., 497 So.2d 711 (Fla. 4th DCA 1986); McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976). A defense citing lack of personal jurisdiction must be raised in the first pleading, or it is waived. Fla.R.Civ.P. 1.140(b), (h).
Rodriguez asserts that Banco waived its right to raise the lack of personal jurisdiction by filing a motion to quash notice of taking of deposition without specifically raising the issue of personal jurisdiction. The record does not support that assertion. Although Banco’s motion is styled “motion to quash notice and renotice of taking of deposition/motion to quash subpoena duces tecum,” the motion addresses the issue of jurisdiction by stating repeatedly that service of the complaint and summons had not been effected. The assertion raises the *78 issue of the court’s personal jurisdiction over Banco in conformity with the requirements of Florida Rule of Civil Procedure 1.140.[1]
A motion to quash notice of taking of deposition predicated on improper service of notice raises a procedural matter and does not require the court to reach the merits of the case. See Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984). Thus, Banco did not waive its right to contest the exercise of personal jurisdiction, and the trial court should have granted the motion to dismiss.

. Another reason supports the conclusion that Banco did not waive its objection to the exercise of personal jurisdiction. The law is well settled that a party waives the right to contest personal jurisdiction when it files a motion that involves the merits of the case, McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976); however, a party does not waive this right when it files a "mere technical piece of paper,” Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984), which "indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction.” Public Gas Co. v. Weatherhead Co., 409 So.2d at 1027; see also Shiftman v. Stumpff, 445 So.2d 1104 (Fla. 4th DCA 1984). In McKelvey, the defendant sought a protective order to prevent the taking of a deposition because the complaint failed to state a claim upon which relief could be granted. This court held that the motion constituted a general appearance because the motion was directed to the merits of the claim. The court construed the motion as seeking dismissal for failure to state a cause of action. Here, Banco’s motion to quash the notice of taking deposition was based on lack of proper service of notice of taking deposition. It was purely defensive and was not a request for affirmative relief inconsistent with a defense of lack of personal jurisdiction. Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987); Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985); Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966).