STONE, Judge.
We grant this petition for writ of habeas corpus. Petitioner is being held in custody pursuant to a writ of ne exeat issued in April 1995 incident to enforcing a final judgment of dissolution. At the time Petitioner was taken into custody, he was also committed for contempt. However, he is no longer being held under the contempt charge.
In the final judgment of dissolution, the trial court found that Petitioner had hidden assets of his automobile business. The post-judgment writ was based on charges that he had removed vehicles from one location, was conducting business under another name in order to avoid his obligations under the judgment, was in hiding to avoid contempt, and was a threat to flee the jurisdiction to avoid his obligations. Bond was initially set at $200,000. The writ and resulting internment were not appealed. Instead, after curing the contempt order, months later, Petitioner moved to dissolve the writ of ne exeat. The trial court conducted a hearing, reduced the bond to $100,000, and found as a fact that he was NOT a flight risk. However, the trial court denied other relief, resulting in Petitioner’s continued incarceration for concealing his assets. Petitioner remains in arrears for support.
Ne exeat is generally available as a creditor’s remedy, applying principles of equity, to obtain custody of a party in order to secure attendance before the court or prevent the party from leaving the state, thereby frustrating performance of an order. See State v. Browne, 105 Fla. 631, 142 So. 247 (1932); Hagen v. Viney, 124 Fla. 747, 169 So. 391 (1986); State ex rel. Khawly v. Knuck, 418 So.2d 1185 (Fla. 3d DCA1982). There is specific statutory authority for issuing a writ of ne exeat to secure alimony or support. Section 61.11, Florida Statutes (1995), states:
When either party is about to remove himself or herself or his or her property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against the party or the property and make such orders as will secure alimony or support to the party who should receive it. (emphasis added)
Patently, the statute authorizes application of the writ to prevent a party’s disposing of or concealing property where its con *985 tinued presence is required by the court. The ne exeat bond is in the nature of a bail bond. E.g., Aiken v. Aiken, 81 So.2d 757 (Fla.1955); Schorb v. Schorb, 547 So.2d 985 (Fla. 2d DCA 1989), disapproved of on other grounds, Coleman v. Coleman, 629 So.2d 103 (Fla.1993). Certainly utilization of this writ is a valuable resource in the arsenal of remedies available to a trial court in order to secure alimony and support. English v. English, 117 So.2d 559, 562 (Fla. 8d DCA), cert. denied, 122 So.2d 407 (Fla.1960); Neal v. Neal, 636 So.2d 810 (Fla. 1st DCA 1994).
However, neither the statute nor case law authorizes utilizing this writ independently, as a substitute for a contempt, injunction, or other enforcement order, where its purpose is not to prevent a party from fleeing or removing assets but, rather, to force the party to post security, or produce assets, that would be used to satisfy a judgment. In Schorb, notwithstanding that the issue in that case was mooted by the husband’s release from custody, the court emphasized the need for courts to use extreme caution in utilizing, and not misusing, a ne exeat proceeding, particularly where other remedies are available. Schorb, 547 So.2d at 988-89.
By his indefinite imprisonment under this writ, Petitioner is deprived of the extensive body of law and procedure that is otherwise available in applying traditional remedies of civil or criminal contempt or injunction. Petitioner has been found not to be a threat to flee and his only alternatives are to produce assets that have been secreted, and that may or may not have been dissipated, or to post the bond. As Petitioner has failed thus far to produce assets, the purpose of the bond is apparently to create a fund to be paid to the former wife. We can discern no reason why civil or criminal contempt or other remedies are not more appropriate to secure those ends.
Therefore, the petition is granted. The sheriff is directed to bring Petitioner before the court forthwith, at which time the court shall either release Petitioner or enter any lawful orders consistent with this opinion. The mandate on this petition shall issue immediately. '
KLEIN and PARIENTE, JJ., concur.