On Motion fob Rehearing, Clarification and Certification

PER CURIAM.
We affirm the trial court’s denial of the husband’s motion to vacate the final judgment of divorce for lack of jurisdiction. He claims that he did not reside in the state for six months prior to filing his petition for dissolution in 2005. While that appears to be the case, the trial court explained that the wife filed a counterpetition for dissolution more than six months after the husband had moved to Florida. Because one of the parties had been a resident for six months at the time of the filing of the counterpetition, the requirements of section 61.021, Florida Statutes, were fulfilled.[1] See Gilbert v. Gilbert, 187 So.2d 49 (Fla. 3d DCA 1966). Moreover, the husband did not challenge the eviden-tiary predicate in the original final judgment through an appeal, nor does he allege any fraud upon the court. Therefore, the issue was foreclosed by the final judgment, which was not appealed. See O’Connor v. O’Connor, 357 So.2d 763 (Fla. 3d DCA 1978).

Rehearing Denied.

WARNER, POLEN and STEVENSON, JJ., concur.

. Section 61.021 was amended in 1986 to provide that one of the parties needed to be a six-month resident at the time the petition for dissolution was filed. Prior to that time, the statute required the filing party to be a six-month resident. It is that version, not the present version, which is referred to by most of the case law cited by the former husband.