STEVENSON, J.
Marc and Marlon Chancelor appeal an order denying their Rule 1.540(b) motion to vacate the final judgment entered against them. The appellants assert, as they did in their motion, that the judgment was void as to them because they were never properly served with the summons and complaint. We find merit in their argument and reverse.
In 2005 and 2006, BWC Investments and Brian Calvert were involved in litigation arising out of a real estate deal; Marc and Marlon Chancelor and their father, James Chancelor, were among the defendants in the litigation. The litigation terminated with a settlement agreement, requiring that sums of money be paid to BWC in installments. In December of 2007, BWC and Calvert filed a new lawsuit against the same defendants, including Marc and Marlon Chancelor, asserting they had breached the settlement agreement by failing to make the required payments. Several weeks later, a motion to dismiss was filed. The motion was filed by counsel and purported to be filed on behalf of all the named defendants, including James, Marc and Marlon Chancelor. Thereafter, counsel withdrew and a default *971 and final money judgment were entered against the defendants.
Nine months later, Marc and Marlon Chancelor filed a 1.540(b) motion, seeking to vacate the final judgment as to them, asserting they were never properly served with the complaint, they had been unaware of the suit until the plaintiffs attempted to execute on the judgment, and the motion to dismiss had been filed without their knowledge or consent. Affidavits from Marc, Marlon and James Chancelor were filed, attesting that the complaint was served on James Chancelor, but, at the time, neither Marc nor Marlon Chancelor resided with their father; that neither Marc nor Marlon Chancelor had retained counsel, or authorized anyone to do so on their behalf to respond to the suit; and that James Chancelor alone had retained counsel. When, in their response, the plaintiffs continued to insist the filing of the motion to dismiss had served to waive defects in service and to permit the exercise of personal jurisdiction, the defendants filed the affidavit of the attorney who filed the motion to dismiss. Counsel attested the firm had prepared the motion “on behalf of the defendants” and the firm “spoke to, and dealt with James Chancelor, who instructed us how to proceed on behalf of the defendants in the case.” Based on this evidence, the trial court denied the motion to vacate the final judgment as to Marc and Marlon Chancelor.
We must reverse since, given the evidence presented, the trial court had no choice but to find that Marc and Marlon Chancelor were not properly served. Section 48.031(l)(a), Florida Statutes, provides that a copy of the summons and complaint may be left with anyone who is fifteen years of age or older and who lives at the defendant’s “usual place of abode.” “Usual place of abode” means “the place where the defendant is actually living at the time of service.” Shurman v. Atl. Mortg. & Inv. Corp., 795 So.2d 952, 954 (Fla.2001) (citing State ex rel. Merritt v. Heffeman, 142 Fla. 496, 195 So. 145, 147 (1940)). The affidavits filed by Marc and> Marlon Chancelor established that, while the complaint and summons were served on their father, they were not residing with him at the time of service. The plaintiffs presented no evidence to the contrary. ■
A defect in service of process and a claim of lack of personal jurisdiction must be raised in a party’s first filing in the case and the failure to raise the issue constitutes a waiver. See Fla. R. Civ. P. 1.140(b), (h); see also Scott-Lubin v. Lubin, 49 So.3d 838, 840 (Fla. 4th DCA 2010). The question here is whether the motion to dismiss filed by the attorney retained by James Chancelor served to waive defects in service and result in the court’s acquisition of personal jurisdiction over Marc and Marlon Chancelor. “Generally, there is a presumption that an attorney, as an officer of the court, is duly authorized to act for a client whom he professes to represent” and “[i]n the absence of some pleading questioning the attorney’s acts upon the ground of fraud, or otherwise, the presumption is conclusive.” Mendelsund v. Southern-Aire Coats of Fla., Inc., 210 So.2d 229, 231 (Fla. 3d DCA 1968). Where, however, a party is able to demonstrate he did not, in fact, retain counsel or authorize counsel to act on his behalf, the filings by counsel cannot support a waiver and the exercise of personal jurisdiction. See Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985); Allbritton v. Stahlman, 683 So.2d 536 (Fla. 2d DCA 1996). Based on the evidence presented, that is the case here.
Marc and Marlon Chancelor attested they did not hire counsel, nor authorize their father to do so, and were unaware of the litigation until the plaintiffs attempted *972 to execute on the judgment. James Chancelor attested that he, and he alone, had retained counsel and the attorney acknowledged the firm had spoken to, and dealt with, only James Chancelor. Under these circumstances, the filing of the motion to dismiss could not have served to waive any defects in the service of process on Marc and Marlon Chancelor and could not have served as a basis for the exercise of personal jurisdiction over them. The order denying the 1.540(b) motion to vacate the judgment as to Marc and Marlon Chancelor is thus reversed. See Miller v. Preefer, 1 So.3d 1278, 1282 (Fla. 4th DCA 2009) (recognizing a judgment entered in absence of jurisdiction over the subject matter or the person is void and may be attacked at any time).

Reversed and Remanded.

GROSS, C.J., and GERBER, J., concur.