PER CURIAM.
 

 Appellant, Stephen Byers, appeals from the trial court’s order denying his motion to quash service of process by FIA Card Services, N.A. (“FIA”). He argues that the trial court erred in finding that he waived his right to challenge the sufficiency of service of process by filing a motion for extension of time. We agree.
 

 After the complaint against Byers was filed by FIA, Byers filed a pro se motion for extension of time to respond to the complaint which was agreed to by FIA and then granted by the trial court. Within the time granted by the extension, Byers filed his motion to quash service stating therein that it was by special appearance. He asserted reasons why he did not receive proper service of process. Byers also filed an amended motion to quash adding an additional basis for granting the motion. The trial court denied the motion to quash holding that Byers waived his right to challenge service by failing to file a limited appearance and by filing pleadings in this matter. The trial court did not address the merits of Byers’s motions.
 

 It is well established that “[i]f a party takes some step in the proceedings which amounts to a submission to the court’s jurisdiction, then it is deemed that the party waived his right to challenge the court’s jurisdiction regardless of the party’s intent not to concede jurisdiction.”
 
 Solmo v. Friedman,
 
 909 So.2d 560, 564 (Fla. 4th DCA 2005) (quoting
 
 Cumberland Software, Inc. v. Great Am. Mortg. Corp.,
 
 507 So.2d 794, 795 (Fla. 4th DCA 1987)). “If a party does not challenge personal jurisdiction until after a general appearance in the case, the party has waived the right to contest personal jurisdiction.”
 
 Id.
 
 at 564 (citing
 
 Evans v. Thornton,
 
 898
 
 *1168
 
 So.2d 151 (Fla. 4th DCA 2005)). “Active participation in the proceedings in the trial court, especially without objecting to jurisdiction due to the lack of service of process, constitutes a submission to the court’s jurisdiction and a waiver of any objection.”
 
 Id.
 
 at 564 (citing
 
 Bush v. Schiavo,
 
 871 So.2d 1012, 1014 (Fla. 2d DCA 2004)).
 

 In
 
 Barrios v. Sunshine State Bank,
 
 456 So.2d 590 (Fla. 3d DCA 1984), the Third District addressed whether a motion for extension of time results in a waiver. The defendant, Barrios, was sued by the bank. He filed a motion for enlargement of time within which to answer or otherwise respond to the complaint. Thereafter, Barrios moved to dismiss the complaint, contending the court lacked personal jurisdiction over him due to a failure of service of process and insufficient service of process. The bank argued that by virtue of the motion for enlargement of time, Barrios consented to jurisdiction. The trial court denied Barrios’s motion to dismiss and he appealed. The issue presented to the district court was “whether the filing by Barrios’ attorney of a Motion for Enlargement of Time constituted a general appearance and hence a waiver of Barrios’ defense of lack of personal jurisdiction and insufficiency of service of process.”
 
 Id.
 
 at 590. The Third District held that it was not a general appearance nor a waiver, stating that the motion
 

 is a mere technical piece of paper and does not constitute a general appearance by Barrios’ attorney reflecting submission to jurisdiction and waiver of defense, nor could a general appearance be presumed by such motion which did not go to the merits of the case.
 

 Id.
 
 at 590-91 (citations omitted).
 

 Because Byers’s motion for extension of time did not go to the merits of the case, he did not submit himself to the jurisdiction of the court or waive his defense of lack of jurisdiction for failure of service of process. We reverse and remand to the trial court to address the merits of Byers’s motion and amended motion to quash. .
 

 Reversed and Remanded.
 

 POLEN, TAYLOR and HAZOURI, JJ., concur.