LEWIS, J.
Appellant, the Former Husband, appeals the trial court’s Order on Motion for Contempt and raises four arguments: (1) the trial court erred in ruling that it had personal jurisdiction over him and that he waived the right to challenge the issue; (2) the trial court erred in ruling that it had subject matter jurisdiction over the petition for writ of ne exeat filed by Appellee, the Former Wife; (3) the trial court erred in ruling that certain business records were admissible in the case; and (4) the trial, court erred in awarding the Former Wife $1,865 in attorney’s fees without making the requisite findings as to the proper amount. We lack jurisdiction to address the Former Husband’s second and third arguments.[1] For the following reasons, we affirm as to the issues of personal jurisdiction and attorney’s fees.
In accordance with the parties’'mediated settlement agreement, the trial court entered a consent final judgment of dissolution of marriage in January 2005, awarding the Former Wife $6,760. in monthly alimony and requiring the Former.Husband to maintain a life .insurance policy naming the Former Wife as the beneficiary. Pursuant to the judgment, the trial court retained jurisdiction for “enforcement, modification, and/or entry of domestic relations order to *461 effectuate the provisions hereof as may bo legally permissible and warranted.”'.
In October 2014, the Former Wife filed Former Wife’s Verified Petition for Writ of Ne Exeat wherein she stated her belief that the Former Husband was going to convey his assets and permanently remove himself and his property from the United States., According to the Former Wife, she had recently learned that the Former Husband retired and listed his residence for sale. The Former Wife attached the affidavit of the couple’s adult daughter to her petition. In her affidavit, the couple’s daughter described a conversation during which the Former Husband told her that, upon retirement, he wanted to move to a Spanish-speaking country with his then live-in girlfriend, Ms. Carmelo. The daughter also allegedly heard Ms. Carmelo say that she 'and the Former Husband were going to retire together “with all of his money.”
On October 30, 2014, Sharon Gasparo, the “Attorney for the Former Husband,” filed a Notice of Appearance. On November 1, 2014, Ms. Gasparo filed an Acceptance of Service, wherein she set forth in part:
Former Husband,, MARK ALAN HORTON, by and through the undersigned attorney, hereby accepts service of the Former Wife’s Verified Petition for Writ of Ne Exeat and other pleadings filed herein and requests that copies of all future pleadings, papers,, and communication be directed to the address and telephone listed.below, ■
On November 25, 2014, Ms. Gasparo filed Husband’s Amended Motion to Compel Discovery and Stay Hearing Until Discovery is Completed. Therein,- it was noted in part that “the undersigned counsel accepted service of the Former Wife’s Motion for a Temporary Injunction Freezing Assets and Former Wife’s Verified Petition for Writ of Ne Exeat.”-,■ .
During the December 16, 2014, status hearing, Ms. Gasparo,, appeared on the Former Husband’s behalf. She discussed “trying to get some depositions set,” and she argued that the Former Husband never missed any, alimony payments. When asked what discovery she needed, Ms. Gas-paro'replied, “1 want to depose the ex-wife and the daughter,After the parties discussed 'deposition dates,, the trial court stated that, it could set the final hearing for February 26th, to which Ms. Gasparo replied, “That’s fine.” . .
On December 23, 2014, Ms. Gasparo filed a'motion to withdraw wherein she represented that irreconcilable differences had arisen between her and the Former Husband. In January 201-5, the trial court granted Ms.- Gaspare’s motion and entered an order, directing the Former Husband to provide the Former Wife’s counsel with proof of a'current email address and any intended addresses if he planned to relocate within five days of issuance of the order and to appear for his-deposition and the final hearing. . :
Thereafter, the Former Wife filed a motion -for- civil--contempt, asserting in part that the Former Husband failed-to appear for his deposition and failed to provide her with a current address and that a review of a Merrill Lynch document received through a subpoena showed that the Former Husband had depleted his account.
In February 2015, the Former Husband, who was represented by new counsel, moved to dismiss for lack of jurisdiction. As for personal jurisdiction, he argued that the Former Wife had not attempted personal service upon him with respect to her petition for writ of ne exeat. In his attached affidavit, the Former Husband represented that he had never missed an alimony payment and was moving out of the *462 country because of the Former Wife’s threatening behavior.
During the hearing on the Former Wife’s petition and motion for contempt, the trial court determined that it had both subject matter and personal jurisdiction in the case, noting the -Acceptance of Service filed on the Former Husband’s behalf by Ms. Gasparo. In its Order on Motion for Contempt, the trial court ruled that the Former Husband waived any objection to personal jurisdiction based upon Ms. Gas-paro’S' filings, actions,' and appearance in the case. The trial court fouhd the Former Husband to be in contempt for failing to comply with its prior order directing him to appear for his deposition and the hearing on the Former Wife’s petition and motion and for failing to provide the Former. Wife with his current address. The trial court set forth that a separate hearing would be held on the Former Wife’s petition for writ of ne exeat. It ordered the Former Husband to pay $1,865 for the Former Wife’s attorney’s fees. This non-final appeal followed.[2]
In his first issue, the Former Husband argues that the trial court erred in ruling that it had personal jurisdiction over him and in determining that he waived his right to challenge the issue. “It is well established that ‘[i]f a party takes some step in the proceedings which amounts to a submission to the court’s jurisdiction, then it is deemed that the party waived his right to challenge the court’s jurisdiction regardless of the party’s intent not to concede jurisdiction.’” Byers v. FIA Card Servs., N.A., 82 So.3d 1166, 1167 (Fla. 4th DCA 2012) (citation omitted). “ Active participation in the proceedings in the trial court, especially without objecting to jurisdiction due to the lack of service of process, constitutes a submission to the court’s jurisdiction and a waiver of any objection.’ ” Id. at 1168 (citation omitted). Stated differently, ‘“[I]f a party does.not challenge.personal jurisdiction until after a general appearance in the case; the party has waived the right to contest personal jurisdiction.’” DiGiovanni v. BAC Home Loans Servicing, L.P., 83 So.3d 934, 935 (Fla. 2d DCA 2012) (citation omitted).
While the Former Husband is correct that Ms. Gasparo’s notice of appearance did not serve to waive his objection to personal jurisdiction,[3] Ms. Gasparo also filed, on the Former Husband’s behalf, an Acceptance of Service pertaining to the Former Wife’s petition and “other pleadings filed.” That acceptance was reiterated in the Former Husband’s motion to compel discovery. Ms. Gasparo then appeared at the status hearing on the Former Husband’s behalf, arguing in part that the Former Husband never missed an alimony payment.
Although the Former Husband argues on appeal that there is no indication in the record that-Ms. Gasparo had authority to accept service, there exists a presumption that an attorney, as an officer of the court, is duly authorized to act for a client whom he or she professes to represent. See Chancelor v. BWC Invs., 57 So.3d 969, 971 (Fla. 4th DCA 2011). The Former Husband acknowledges on appeal that his affidavit filed in support of his *463 motion to dismiss-did not directly address his relationship with Ms. Gasparo or her authority to accept or waive personal service on his behalf. Based upon such, the presumption that Ms. Gasparo had authority to accept service on the Former Husband’s behalf is conclusive. See id. (noting that in the absence of some pleading questioning the attorney’s acts upon the ground of fraud or otherwise, the presumption of authority is conclusive and explaining that “[w]here ... a party is able to demonstrate he did not, in fact, retain counsel or authorize counsel to act on his behalf, the filings by counsel cannot support a waiver and the exercise of personal jurisdiction”). Given the circumstances in this case, the trial court correctly ruled that the Former Husband waived his right to challenge personal jurisdiction.
We note also that even if the Former Husband had not waived his right to challenge personal jurisdiction, he would not have been entitled to relief on the merits of the issue. A determination of personal jurisdiction is reviewed de novo on appeal. Wendt v. Horowitz, 822 So.2d 1252, 1257 (Fla.2002). In' support of his argument that he was not properly served with the petition for writ of ne exeat, the Former Husband argues that the Former Wife was attempting to modify the dissolution judgment through her petition. The Former Husband cites Florida Family Law Rule of Procedure 12.070(a), which provides that “[u]pon commencement of all family law actions, including proceedings to modify a final judgment, service of process shall be as set forth in Florida Rule of Civil Procedure 1.070.”
Contrary to the Former Husband’s argument, the Former Wife’s ne' exeat petition sought enforcement of the dissolution judgment rather than modification of it. Section 6L1-1(1), Florida Statutes (2014), provides that “[wjhen either ■ party is about to remove himself or herself or his or her property out of the state, or fraudulently convey or conceal it, the court may award a ne exeat or injunction against the party or the property and make such orders as will secure alimony or support to the party who should receive it.” The supreme court has explained that the'“writ of ne exeat is a writ in common use in equity. The authority to issue the writ is primarily based upon the inherent jurisdiction of a court of equity to prevent a person from leaving the jurisdiction until' he gives security for his appearance or performance of a decree.” State ex rel. Perky v. Browne, 105 Fla. 681, 142 So. 247, 250 (1932); see also Siravo v. Siravo, 670 So.2d 983, 984-85 (Fla. 4th DCA 1996) (explaining that the application of the writ of ne exeat is used to “prevent a party’s disposing of or concealing property where its continued presence is required by the court” and that utilization of the writ has been deemed to be a valuable resource in the arsenal of remedies available to . a trial court in order to secure alimony and support); Franks v. Franks, 469 So.2d 934, 934 n. 1 (Fla. 3d DCA 1985) (citing in part section 61.11 and explaining that “[tjhis decision is without prejudice to the appellee to have the final judgment of dissolution enforced and obtain any alimony arrearage or other monies due from appellant under the judgment as allowed by law”) (emphasis added); Pifer v. Pifer, 349 So.2d 778, 780 (Fla. 2d DCA 1977) (noting that the writ of ne exeat was ancillary to the final judgment of dissolution). Based upon the foregoing authorities, the Former Husband’s argument that he was entitled to service of process under rule 1.070 because the Former Wife’s petition sought a ■modification of the final judgment rather than enforcement of such is without merit.
*464 Turning to the issue of attorney’s fees, the Former Husband argues, and the Former Wife concedes, that the trial court erred in awarding the Former Wife' $1,865 in attorney’s fees without making the requisite findings as to the proper amount. See Bradham v. Bradham, 120 So.3d 1274, 1276 (Fla. 1st DCA 2013) (“[A] trial court reversibly, errs when it, awards attorney’s fees without making the requisite findings as to the proper amount, as required by Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).”). “Even where the record supports awarding fees and costs, failure to include the necessary findings constitutes, reversible error.” Bradham, 120 So.3d at 1276; see also Mitchell v. Mitchell, 141 So.3d 1228, 1230 (Fla. 1st DCA 2014) (reversing the attorney’s fee award because the final judgment did not make specific findings as to the number of hours expended by the former wife’s attorney or whether the hours were reasonable and remanding in order to allow the trial court to make the requisite findings); Ard v. Ard, 765 So.2d 106, 106 (Fla. 1st DCA 2000) (reversing the attorney’s' fee award because the trial court made no factual findings with regard to the total number of hours expended by the wife’s attorney, the hourly rate, or the reasonableness of the fee and remanding with instructions to make the" required factual' findings and reconsider the award in accordance with the principles enunciated in Rowe). However, because the Former Husband’s appendix provides no indication that he challenged the lack of findings in á motion for rehearing or by any other means, we are constrainéd to affirm as to this issue. See Burkett v. Burkett, 155 So.3d 478, 478 (Fla. 1st DCA 2015) (noting that while the trial court failed to include sufficient findings to support the attorney’s fee award, affir-mance was warranted because the former husband did not file a motion for rehearing alerting the trial court to the deficiencies in the findings).
Accordingly, we AFFIRM.
SWANSON and WINOKUR, JJ., concur.

. See L.A.D. Prop. Ventures, Inc. v. First Bank, 19 So.3d. 1126, 1128 (Fla. 2d DCA 2009) (noting that the trial court ruled on the issues of personal jurisdiction and subject matter jurisdiction and explaining that "[a]s to the issue of whother the trial court had subject matter jurisdiction over First Bank's motion for deficiency judgment, this court does not have jurisdiction over the issue in this appeal [because] '[sjubject matter jurisdiction is not one of the categories’ of nonfinal orders that may be appealed under rule 9.130(a)(3)'') (citation omitted); Fisher v. Int'l Longshoremen's Ass'n, 827 So.2d 1096, 1097 (Fla. 1st DCA 2002) (en banc) ("The Court’s appellate jurisdiction to review nonfinal orders is limited to those categories of orders identified in Florida Rule of Appellate Procedure 9.130."); Fiocchi v, Trainello, 566 So.2d 904, 904 (Fla. 4th DCA 1990) (“[A]n appeal of an order denying subject matter jurisdiction does not come within the purview of rule 9.130(a)(3)(C)(i) and is a non-final nonap-pealable order.”); see also Stalnaker v. Stalnaker, 892 So.2d 561, 562 n. 1 (Fla. 1st DCA 2005) (citing RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002, 1003 (Fla. 3d DCA 1993), for'the proposition that “when an order contains one ruling that is subject to interlocutory appeal under Rule 9.130, other rulings that are contained in the same written order may not ‘tag along’ and are not reviewable on interlocutory appeal”).

. The Former Husband appealed pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), which permits non-final appeals from orders determining "the jurisdiction ’ of . the person,” . and rule 9.130(a)(3)(C)(iii)a., which permits non-final appeals from orders in family law matters determining "the right to immediate monetary relief.”

. See, e.g., Mason v. Hunton, 816 So.2d 234, 235 (Fla. 5th DCA 2002).