PER CURIAM.
In this foreclosure case, the trial court determined that Appellant, the borrower, waived any objection to the service of process when she “made an appearance” in the case by filing a motion for an extension of time to respond to the complaint. This was error. See Yelton v. Wells Fargo Bank, N.A., 146 So.3d 1207 (Fla. 1st DCA 2014) (reversing order denying borrower’s motion to quash service in a foreclosure case and holding that “a motion for enlargement of time that does not go to the merits of the case is not ‘active participation’ in the proceedings, and therefore, *860 does not constitute submission to the court’s jurisdiction and waiver of any objection to service of process”)(citing DiGiovanni v. BAC Home Loans Serv., L.P., 83 So.3d 934, 935-36 (Fla. 2d DCA 2012); Byers v. FIA Card Services, N.A., 82 So.3d 1166, 1167-68 (Fla. 4th DCA 2012); and Barrios v. Sunshine State Bank, 456 So.2d 590, 590-91 (Fla. 3d DCA 1984)); see also Benedetto v. U.S. Bank Nat’l Ass’n, 181 So.3d 564, 567 (Fla. 4th DCA 2015) (“Where a defendant files a motion for extension of time to answer a complaint, the defendant does not submit to the jurisdiction of the court or waive the defense of lack of jurisdiction for failure of service of process.”). Accordingly, without reaching the other issues raised by the borrower, we reverse the final judgment and remand for further proceedings. We leave it to the trial court to determine how best to proceed on remand in light of the post-trial service by publication effectuated by Appellee based on the borrower’s alleged avoidance of personal service.
REVERSED and REMANDED.
LEWIS, WETHERELL, and JAY, JJ., concur.