DOWNEY, Judge.
This is a timely appeal from a final judgment awarding $378,300 in attorneys’ fees and $11,831.59 in costs against the North Broward Hospital District, d/b/a Broward General Medical Center, Moises Borten, M.D. (the doctor), and Florida Patients Compensation Fund (the Fund) in a medical malpractice action. The case is a companion case to North Broward Hospital District, d/b/a Broward General Medical Center v. Johnson, et al., Case No. 4-86-2419, and Borten v. Johnson, et al., Case No. 4-86-2486, & Florida Patients Compensation Fund v. Johnson, et al., Case No. 4-86-2497, the opinion for which is published simultaneously with this opinion, 538 So.2d 871 (Fla.App.1988).
The Johnsons claimed their attorneys’ fees incurred in the medical malpractice cases. At the hearing held thereon appel-lees submitted a document estimating that their attorneys had spent 574 hours on the case. Their expert witness testified that Sheldon Schlesinger’s time should be valued at $250 per hour and Gary Cohen’s at $150 per hour. The trial court found that the time alleged was reasonable and awarded $250 per hour for 400 hours spent by Mr. Schlesinger and $150 per hour for 174 hours spent by Mr. Cohen. The court then applied a multiplier of three based upon evidence that this was a “uniquely difficult” case in which the defendants had never made an offer to settle, and upon an expert’s opinion that the odds in favor of success were two out of ten and it was difficult to understand how the Johnsons *876 had been successful m recovering a verdict. The expert testified the multiplier should be in the range of two and one-half to three.
The Fund and the doctor contend the amount awarded is excessive and the court did not follow Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). We fail to find any fault with the methodology used by the court, except the allocation of the respective amounts of time spent by Schlesinger and Cohen. The transcript of the hearing on the Johnsons’ attorneys’ fees fails to support the trial judge’s division of the total number of hours between Schlesinger and Cohen. In fact, it would seem to support the greater number of hours being ascribed to Mr. Cohen. This is too serious a matter to be treated cavalierly. The burden of proof is upon the claimant and he must furnish the trial court with a basis to allocate the number of hours attributable to the different lawyers in view of their different rates per hour. In all fairness to the Johnsons’ counsel here, this case began in 1983 and Rowe, which announced the methodology to be used in assessing attorney’s fees in this situation, was not decided until mid-1985. Furthermore, the record indicates that the Johnsons’ counsel had a contingent fee contract with them and, although the Fund and the doctor had requested advice regarding the nature of it, it was not forthcoming even at the fee hearing. On remand, that contract should be considered by the court for its impact on the amount of the fee to be awarded along with more direct evidence as to the allocation of time between counsel.
Accordingly, we reverse the judgment allowing attorneys’ fees to the Johnsons and remand the cause to the trial court for further proceedings regarding the allocation of time between their respective counsel. Thereafter, the trial court shall determine the amount of attorneys’ fees recoverable in the light of the additional evidence, including the effect, if any, that the contingent fee contract has thereon according to Miami Children’s Hospital v. Tamayo, 529 So.2d 667 (Fla.1988), and Florida Patient s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
HERSEY, C.J., and ANSTEAD, J., concur.