DOWNEY, Judge.
This is a timely appeal from a final judgment awarding $378,300 in attorneys’ fees and $11,831.59 in costs against the North Broward Hospital District, d/b/a Broward General Medical Center, Moises Borten, M.D. (the doctor), and Florida Patients Compensation Fund (the Fund) in a medical malpractice action. The case is a companion case to North Broward Hospital District, d/b/a Broward General Medical Center v. Johnson, et al., Case No. 4-86-2419, and Borten v. Johnson, et al., Case No. 4-86-2486, and Florida Patients Compensation Fund v. Johnson, et al., Case No. 4-86-2497, 538 So.2d 871, and Florida Patients Compensation Fund & Borten v. Johnson, et al., 538 So.2d 875, Case No. 87-0538, the opinions for which are published simultaneously with this opinion.
As we held in Florida Patients Compensation Fund & Borten v. Johnson, 538 So.2d 875, the judgment for attorneys’ fees must be reversed and remanded for further consideration. The reason therefor and directions are contained in the companion case.
Because the hospital is a governmental agency, it raises an additional point, i.e., that any award of attorneys’ fees against the hospital may not exceed twenty-five percent of the judgment awarded the Johnsons for the alleged malpractice. § 768.28(8), Fla.Stat. (1986). That statute is applicable to this award of attorneys’ fees vis-a-vis the hospital, as a governmental agency, and thus the judgment should properly mention the limitation on the fee recovery as against the hospital to twenty-five percent of the judgment.
The Johnsons contend that the hospital did not raise the limitation during the proceeding below and cannot do so now, citing Sanford v. Rubin, 237 So.2d 134 (Fla.1970). However, we do not believe that case controls the question in this case because of the peculiar wording of section 768.28(8). It provides that “[n]o attorney may charge, demand, receive, or collect, for services rendered, fees in excess of 25 percent of any judgment or settlement.” Thus, even without any comment in the judgment regarding the limitation on the fee against the hospital, at the time the Johnsons sought to enforce the judgment for attorneys’ fees of $378,300 against the hospital the latter could raise the statutory provision to limit the recovery.
Accordingly, we reverse the judgment for attorneys’ fees against the hospital and remand for further proceedings, as we did in Case No. 87-0538. We further direct the trial court, in reentering judgment for attorneys’ fees, to acknowledge therein the statutory limitation on the' fee recoverable against the hospital as provided in section 768.28(8), Florida Statutes.
HERSEY, C.J., and ANSTEAD, J., concur.