765 So.2d 106 (2000)
Dewey Eugene ARD, Appellant,
v.
Pamela Ann ARD, Appellee.
No. 1D99-2576.
District Court of Appeal of Florida, First District.
June 1, 2000.
Bonnie K. Roberts, Bonifay, for Appellant.
Mark D. Davis of Andrews & Davis, DeFuniak Springs, for Appellee.
LAWRENCE, J.
The former husband in this case, Dewey Eugene Ard (husband), appeals from the trial court's Supplemental Final Judgment of Dissolution, asserting that *107 the court erred in its findings with respect to the equitable distribution of the parties' assets. We affirm the trial court's scheme of equitable distribution on the merits, but remand for correction of a mathematical error. The husband's total net assets were determined to be $17,825 and the total net assets of Pamela Ann Ard (wife) amounted to $5,000. The trial court required an equalization payment to the wife of $6,537.50. Because the correct amount was $6,412.50, we reverse on this point. We affirm the equitable distribution in all other respects. We also affirm that portion of the order requiring the husband to pay permanent periodic alimony to the wife.
The trial court ordered the husband to pay a part of the wife's attorney's fees in the amount of $1500. There is competent substantial evidence in the record to support an award of attorney's fees to the wife, but the trial court made no factual findings with regard to the total number of hours expended by the wife's attorney, the hourly rate, or the reasonableness of the fee. Thus, the award of attorney's fees to the wife is reversed and remanded with instructions to make the required factual findings and reconsider in accordance with the principles enunciated in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). See Stefanowitz v. Stefanowitz, 586 So.2d 460 (Fla. 1st DCA 1991).
AFFIRMED in part, REVERSED in part, and REMANDED.
MINER and WEBSTER, JJ., Concur.