783 So.2d 327 (2001)
SOUTH POINTE FAMILY AND CHILDREN CENTER, INC., Appellant,
v.
The FIRST NATIONAL BANK OF CHICAGO, as Trustee, Appellee.
No. 3D00-2175.
District Court of Appeal of Florida, Third District.
April 18, 2001.
*328 Mendez & Mendez, and Sergio Mendez, for appellant.
Shutts & Bowen, and Lee D. Mackson, and Joey E. Schlosberg, Miami, for appellee.
Before JORGENSON, GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
South Pointe Family and Children Center, Inc., defendant below, challenges an award of attorney's fees and costs. Because the trial court's order does not make the findings necessary to an award of attorney's fees and there was no showing as to necessity and reasonableness in the assessment of costs, we reverse.
The First National Bank of Chicago filed a commercial mortgage foreclosure action against South Pointe alleging default for non-payment of the required installments. The trial court entered an Agreed Order which set forth a time schedule to repay the arrearages and reserved jurisdiction to consider an award of attorney's fees and costs. At the hearing on the Motion for Determination of Attorney's Fees, the court entered an order awarding First National $31,517.00 for attorney's fees, and an award of costs in the amount of $16,882.00.
Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150-51 (Fla.1985) makes clear that, before awarding fees, the trial court must set forth specific findings in determining the hourly rate and the number of hours reasonably expended by an attorney. Here, the trial court simply awarded a lump sum. South Pointe did not waive this issue by not submitting evidence contradicting First National's affidavits. See Florida Patients Comp. Fund v. Johnson, 538 So.2d 875, 876 (Fla. 4th DCA 1988) ("The burden of proof is upon the claimant and he must furnish the trial court with a basis to allocate the number of hours attributable to the different lawyers in view of their different rates per hour.").
*329 Additionally, the trial court awarded costs for an appraisal of $5,500.00, Phase I Environmental Report of $3,716.00, and Phase II Environmental Report of $7,240.00. In Kendall Racquetball Invs., Ltd. v. Green Cos. of Fla., 657 So.2d 1187, 1188 (Fla. 3d DCA 1995), we stated that "[t]he prevailing party's burden at an evidentiary cost hearing to recover an expert witness fee is `to present testimony concerning the necessity and reasonableness of the fee.'" In this case, there was no showing of the necessity and reasonableness of the costs incurred as a result of the appraisal and environmental reports. The trial court should have denied these costs on First National's failure to make such a showing.
For these reasons, we reverse and remand for the trial court to make the requisite findings in the award of attorney's fees.