PER CURIAM.
Charles Norman appeals a final order of dissolution, contending that the lower court erred in its determinations of (I) alimony, (II) equitable distribution, (III) life insurance as security for alimony and child support, (IV) apportionment of the minor child’s nonmedical expenses, and (V) attorney’s fees. We affirm Issues I and II, and reverse and remand as to Issues III, IV, and V.
The trial court erred as a matter of law by ordering the former husband to obtain two $125,000 life-insurance policies naming his former wife, appellee Deborah Norman, and his daughter as beneficiaries, without making specific findings as to the availability and cost of the policies and the impact of such cost on the husband. See, e.g., Stalnaker v. Stalnaker, 892 So.2d 561 (Fla. 1st DCA 2005); Schoditsch v. Schoditsch, 888 So.2d 709 (Fla. 1st DCA 2004); Bogin v. Bogin, 780 So.2d 971 (Fla. 1st DCA 2001). Moreover, because “the surrender value of any existing life insurance policy would be an asset for purposes of equitable distribution and any requirement to pay premiums should be taken into account in the determination of the amount of alimony,” we direct the court to revisit these two awards on remand. Sobelman v. Sobelman, 541 So.2d 1153, 1154 n. 2 (Fla.1989). We otherwise reject appellant’s arguments in Issues I and II.
The trial court also erred by ordering the former husband to pay 79 percent of the child’s noncovered medical, dental, optometric, psychological, psychiatric, and orthodontia expenses. On motion for rehearing below, the trial court acknowledged that it had failed to include the former husband’s alimony obligation to the former wife when it calculated their respective incomes for the purpose of determining their proportionate shares of child support. Although the court thereupon reduced the former husband’s child-support obligation, it failed to make a corresponding reduction in his percentage share of the child’s noncovered medical and dental expenses. On remand, the court shall reapportion the parties’ obligation to pay these expenses.
The husband fails to show the trial court abused its discretion in determining the wife’s entitlement to attorney’s fees. Courts have found no abuse of discretion in awarding fees to a wife when the trial court has awarded the principal income-producing asset to the husband and the wife’s principal income is alimony. See McAvoy v. McAvoy, 662 So.2d 744 (Fla. 5th DCA 1995); Reich v. Reich, 652 So.2d 1200 (Fla. 4th DCA 1995).
The trial court did err, however, by failing to make the requisite findings as to the amount of fees. See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla. *242 1985);[1] Ard v. Ard, 765 So.2d 106 (Fla. 1st DCA 2000). A dissolution order directing a party to pay the other party’s fees and costs, which recites simply that the total amounts “are reasonable time spent and hourly rates,” is insufficient under Rowe. See Keeley v. Keeley, 899 So.2d 387, 389 (Fla. 2d DCA 2005). “The lack of findings constitutes reversible error, even if there is competent, substantial evidence to support the award.” Hamlin v. Hamlin, 722 So.2d 851, 852 (Fla. 1st DCA 1998).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further consistent proceedings.
ERVIN, WEBSTER, and HAWKES, JJ., concur.

. We reject appellee's claim that the former husband waived this issue once the parties agreed to forego closing arguments. The omission of findings was not apparent until the court issued the final order. Moreover, the burden of proof is on the party seeking attorney's fees, and the opposing party does not waive the issue by not submitting evidence contradicting the movant. See S. Pointe Family & Children Ctr., Inc. v. First Nat’l Bank of Chicago, 783 So.2d 327 (Fla. 3d DCA 2001).