PER CURIAM.
Timothy Bradham, the former husband, appeals the trial court’s order modifying his alimony obligation and requiring him to pay attorney’s fees and costs of appellee, Susan E. Bradham, the former wife. We find no abuse of discretion in the modification of alimony. Galligar v. Galligar, 77 So.3d 808, 811 (Fla. 1st DCA 2011). Because the trial court made no findings to support the fee and cost award, we reverse the order granting fees and costs and remand for further proceedings.
We apply the abuse of discretion standard to review a lower court’s award of attorney’s fees. Shelly L. Hall, M.D., P.A. v. White, 97 So.3d 907, 909 (Fla. 1st DCA 2012). Florida law provides:
[ A] court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including *1276 enforcement and modification proceedings and appeals ... An application for attorney’s fees, suit money, or costs, whether temporary or otherwise, shall not require corroborating expert testimony in order to support an award under this chapter.
§ 61.16(1), Fla. Stat. (2012). Furthermore, in Norman v. Norman, 939 So.2d 240, 241-42 (Fla. 1st DCA 2006), this court held that a trial court reversibly errs when it awards attorney’s fees without making the requisite findings as to the proper amount, as required by Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). Even where the record supports awarding fees and costs, failure to include the necessary findings constitutes reversible error. Id. at 242; see also Ard v. Ard, 765 So.2d 106, 107 (Fla. 1st DCA 2000) (remand of attorney’s fee award required where the trial court made no findings as to the attorney’s hours expended, hourly rate, or reasonableness of the fee).
Here, the trial court’s order found that the former wife had a need for contribution to her attorney’s fees and costs and the former husband had an ability to pay. This finding is supported by the parties’ respective financial affidavits, which show the former husband with a monthly surplus, while the former wife carries a monthly deficit, in addition to being the primary residential parent for the two minor children. The former wife submitted an affidavit from her attorney’s law firm attesting to the fees and costs incurred by appellee in the case, as well as detailed records of the hourly rate and hours expended for her case. However, there is no indication that the court considered the Rowe factors in reaching its decision to award fees and costs. Thus, the order requiring the former husband to contribute $3,000 towards the former wife’s attorney’s fees and costs must be reversed and remanded for the court to properly evaluate the issue.
Accordingly, we REVERSE the portion of the trial court’s order on fees and costs and REMAND for further proceedings consistent with this opinion; the remainder of the order we AFFIRM.
VAN NORTWICK, THOMAS, and ROBERTS, JJ., concur.