VAN NORTWICK, J.
Alvin Wilkerson appeals a final order awarding him attorney’s fees and costs, asserting that the trial court erred in reducing the number of hours reasonably expended for the purpose of the fee award without making specific findings and in reducing the amount of costs awarded below the amount of costs actually incurred for investigation. For the reasons set forth below, we agree, and reverse and remand for further proceedings consistent with this opinion.
Henry David Johnson, appellee, filed a two-count complaint against Wilkerson seeking replevin of a tractor and implements. Johnson obtained a prejudgment writ of replevin from the trial court ordering the property to be put in Johnson’s possession upon his posting of a bond in the amount of $36,500, which Johnson posted.
Wilkerson responded with an amended answer and counterclaim, which sought damages and attorney’s fees for the loss of the use of the tractor and implements. The case proceeded to a non-jury trial. At the close of Johnson’s case, Wilkerson filed a motion for involuntary dismissal of Johnson’s complaint. The trial court granted the motion, dismissed the complaint, ordered the return of the tractor and implements to Wilkerson, and reserved jurisdiction to determine Wilkerson’s damages as well as attorney’s fees and costs under section 78.20, Florida Statutes (2011).
The trial court held a hearing on attorney’s fees and costs on February 15, 2013. Apparently there was no court reporter in attendance because the record does not contain a transcript of this hearing. A second hearing on fees and costs was held on March 18, 2013, at which attorney William Charles Hughes testified as to the reasonableness of the attorney’s fees and costs sought by Wilkerson. Wilkerson’s counsel filed an amended motion to tax fees and costs, which requested fees in the amount of $23,610.36 and costs in the amount of $18,378.29.
Thereafter, the trial court entered a written order awarding fees and costs. The trial court found that $150 was a reasonable hourly rate for counsel’s out-of-court work. The trial court ruled that the 135.85 hours expended on a replevin case with no complex issues was unreasonable, and reduced the number of reasonable hours by half, to 67.925. The trial court found that fifteen hours of in-court work at $175 per hour was reasonable, as were the cost requests for postage, deposition fees, witness fees, court reporting fees, travel expenses, filing fees, copies, and FedEx shipping.
The trial court found, however, that the request for $15,600 for investigative costs (200 hours at $75/hour) was unreasonable and unnecessary, and found 100 hours to be reasonable. Ultimately, the trial court granted a total fee award of $12,813.75, and a total cost award of $10,289.70. Wilkerson filed a motion for rehearing, which the trial court denied. This appeal ensued.

The Reasonable Number of Hours Expended

Appellate courts apply the abuse of discretion standard to review a lower court’s award of attorney’s fees. Shelly L. Hall, M.D., P.A. v. White, 97 So.3d 907, 909 (Fla. 1st DCA 2012). By statute:
*967 When property has been ... redelivered to[ ] defendant ... upon the dissolution of a prejudgment writ and defendant prevails, he or she shall have judgment against plaintiff for his or her damages for the taking, if any, of the property, attorney fees, and costs. The remedies provided in this section and s. 78.21 shall not preclude any other remedies available under the laws of this state.
§ 78.20, Fla. Stat. (2011).
The Florida Supreme Court has explained that the trial court must determine a reasonable number of hours expended, a reasonable hourly rate, and multiply these figures together to obtain the lodestar amount, which is “an objective basis for the award of attorney’s fees.” Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). The Court further instructed that “[i]n determining the hourly rate, the number of hours reasonably expended, and the appropriateness of the reduction or enhancement factors [to apply to the lodestar amount], the trial court must set forth specific findings.” Id.
Here, Wilkerson’s counsel claimed 135.85 out-of-court hours expended on the case. In finding that amount to be excessive and reducing the number of hours expended to 67.925, half the amount claimed, the trial court noted in its order that 135.85 hours was not reasonable in a replevin case, and that no complex issues were presented. These findings may be sufficient to explain why the trial court found the claim of 135.85 out-of-court hours excessive; however, the trial court did not explain in its order why 67.925 was a reasonable number of hours to have expended. Although mere speculation, the record suggests that the trial court simply cut by half the number of hours claimed to arrive at a determination of the number of out-of-court hours reasonably expended. In any event, the trial court’s order is contrary to the requirement that the trial court make specific findings relating to the number of hours reasonably expended. Rowe, 472 So.2d at 1151; see also Hysmith v. Hysmith-Graham, 948 So.2d 974, 975 (Fla. 1st DCA 2007) (“Although a reduction in attorney’s fees might ultimately be appropriate in this case, we must reverse the present order because the trial court failed to set forth specific findings regarding the attorney’s hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors.”). Therefore, we reverse and remand to allow the trial court to make specific findings in support of its determination as to the reasonable number of hours expended.

The Cost Award

Section 57.041, Fla. Stat. (2013), provides:
(1) The party recovering judgment shall recover all of his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.
Courts have interpreted this statute as removing from the trial court the discretion to deny costs to the prevailing party in a civil action. Fla. State Univ., Bd. of Trs. v. Monk, 112 So.3d 173, 173-74 (Fla. 1st DCA 2013) (“[T]he trial court did not have discretion to deny the recovery of costs by appellant, as the prevailing party, under section 57.041, Florida Statutes (2009)”); Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So.3d 348, 356 (Fla. 4th DCA 2011) (“Under section 57.041(1), a judge has no discretion to deny recovery of costs to the prevailing party.”); Granoff v. Seidle, 915 So.2d 674, 677 (Fla. *968 5th DCA 2005) (“The trial court has no discretion to deny costs under this statute-the prevailing party must be awarded costs.”); Higgs v. Klock, 873 So.2d 591, 592 (Fla. 3d DCA 2004) (“[U]nder the statute, ‘every party who recovers a judgment in a legal proceeding is entitled as a matter of right to recover lawful court costs, and a trial judge has no discretion to deny costs to the parties recovering judgment.’ ”) (citation omitted).
Here, the trial court attempted to exercise discretion in reducing the number of hours Wilkerson could claim for investigative services, which consequently reduced his total cost recovery. Under the plain language of section 57.041 and interpreting case law, however, a trial court lacks the discretion to deny recovery of “all” of the prevailing party’s “legal costs and charges.” Accordingly, we reverse and remand for the trial court to award the full amount of the investigative costs Wilkerson incurred in connection with this case. We affirm the appealed order in all other respects.
Accordingly, we REVERSE in part, AFFIRM in part, and REMAND for' further proceedings consistent with this opinion.
ROBERTS and CLARK, JJ., concur.