PER CURIAM.
Robert Mitchell, the former husband, appeals the final judgment of dissolution of marriage that dissolved the union between him and Cynthia Y. Mitchell, the former wife. Specifically, Mr. Mitchell challenges the equitable distribution, the alimony award in favor of Mrs. Mitchell, and the requirement that he pay a portion of Mrs. Mitchell’s attorney’s fees. We find no error in either the equitable distribution or the alimony award and affirm as to each without further comment. As explained below, however, we find merit in Mr. Mitchell’s claim of error as to the attorney’s fee award, and reverse and remand for further proceedings.
Appellate courts apply the abuse of discretion standard to review a lower court’s award of attorney’s fees. Shelly L. Hall, M.D., P.A. v. White, 97 So.3d 907, 909 (Fla. 1st DCA 2012). A court’s award of attorney’s fees is controlled by section 61.16, Florida Statutes (2013), which provides:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
§ 61.16(1). Furthermore, in Norman v. Norman, 939 So.2d 240, 241-42 (Fla. 1st DCA 2006), we held that a trial court reversibly errs when it awards attorney’s fees without making the requisite findings as to the proper amount, as required by Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). “The lack of findings constitutes reversible error, even if there is competent, substantial evidence to support the award.” Id. at 242 (quoting Hamlin v. Hamlin, 722 So.2d 851, 852 (Fla. 1st DCA 1998)); see also Ard v. Ard, 765 So.2d 106, 107 (Fla. 1st DCA 2000) (remand of attorney’s fee award required where the trial court made no findings as to the attorney’s hours expended, hourly rate, or reasonableness of the fee). Significantly, “[a] dissolution order directing a party to pay the other party’s fees and costs, which recites simply that the total *1230 amounts ‘are reasonable time spent and hourly rates,’ is insufficient under Rowe.” Id.
Here, the final judgment does not make specific findings as to the number of hours expended by the former wife’s attorney, or whether those hours are reasonable. These findings are required under Rowe, 472 So.2d at 1151-52. Rather, the final judgment simply recites that “the hours and rate per hour on the Wife’s ‘Amended Affidavit of Attorney’s Fees and Costs’ are reasonable.” Such generalized findings are inadequate, and reversal and remand are in order to allow the trial court to make the requisite findings. See Norman, 939 So.2d at 242; see also Ard, 765 So.2d at 107.
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion.
ROBERTS, SWANSON, and OSTERHAUS, JJ., concur.