IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VIRGINIA ABBOTT, FORMER
WIFE,

      Appellant,

v.

TODD ABBOTT, FORMER
HUSBAND,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2550

_____/

Opinion filed March 8, 2016.

An appeal from the Circuit Court for Washington County.
William L. Wright, Judge, Judge.

William E. Whitlock, III, Tallahassee, for Appellant.

John Y. Roberts of Roberts, Roberts & Roberts, Marianna, for Appellee.

LEWIS, J.

Appellant, the Former Wife, appeals the final judgment of dissolution of marriage, arguing that the trial court erred in its calculation of the permanent alimony award, in denying her request for retroactive alimony, and in failing to make the

requisite findings of fact pursuant to section 61.08, Florida Statutes (2013). The Former Wife also asserts that the trial court erred in awarding her only $5,000 in attorney's fees and by failing to make any findings of fact on this issue. Because the trial court failed to make sufficient factual findings to allow for a meaningful review, we reverse the alimony and attorney's fees awards.

In the final judgment of dissolution of marriage, the trial court divided the parties' assets and liabilities, awarded an equalization payment to the Former Wife, and then found and ordered as follows:

> 5. Section 61.08 of the Florida Statutes sets forth the factors for this Court to consider in determining the amount of alimony, if any, to be awarded to the Wife. Among other things, this Court has considered the standard of living established during the marriage, the duration of the marriage, the age and the physical and emotional condition of each party, the financial resources of the parties, work experience of the parties, and the contributions of each party to the marriage. The Court finds that the Wife has a need and the Husband has the ability to pay permanent alimony to the Wife, in the sum of $750.00 per month commencing on March 10, 2015 . . . .

> 6. The court finds that the Wife has a need and the Husband has the ability to contribute towards her attorney's fees. The Court finds that reasonable attorney's fees to be awarded to the Wife totals $5,000.00. . . .

The trial court denied the Former Wife's motion for rehearing, in which she argued in part that the trial court failed to make the requisite findings in awarding alimony, in not making the alimony payments retroactive, and in awarding attorney's fees. This appeal followed.

2

The trial court's alimony award is reviewed for an abuse of discretion. Broemer v. Broemer, 109 So. 3d 284, 289 (Fla. 1st DCA 2013). An appellate court will not disturb an alimony award if it is supported by competent, substantial evidence and the trial court complied with the law, but it reviews the trial court's application of the law to the facts *de novo*. Id. Section 61.08, Florida Statutes (2013), governs the award of alimony and provides in part that "[i]n all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony." Subsection (2) in turn requires the court to "first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." Id. If the court finds that a party has a need for alimony and the other party has the ability to pay, then, in determining the proper type and amount of alimony, "the court shall consider all relevant factors, including, but not limited to" those enumerated in subsection (2)(a)-(j). Id. Those factors include the standard of living established during the marriage; the duration of the marriage; the age and the physical and emotional condition of each party; the financial resources of each party; the earning capacities, educational levels, vocational skills, and employability of the parties; and the sources of income available to the parties. Id. Additionally, "[i]n awarding permanent alimony, the

court shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties." § 61.08(8), Fla. Stat.

The trial court's failure to include in the final judgment the requisite findings of fact relative to the factors enumerated in section 61.08(2) generally constitutes reversible error because, in most cases, it precludes meaningful appellate review. Winder v. Winder, 152 So. 3d 836, 840-41 (Fla. 1st DCA 2014) (reversing the permanent alimony award to the wife because the final judgment lacked sufficient factual findings as required by section 61.08 where the trial court did not make findings regarding the wife's current living expenses, the parties' financial resources and the sources of income available to them, the value of the assets and liabilities distributed to each party, the standard of living established during the marriage, and each party's contribution to the marriage, and reversing for the additional reason that the trial court failed to expressly find that no other form of alimony would be appropriate); see also Watson v. Watson, 124 So. 3d 340, 343 (Fla. 1st DCA 2013) (noting that the trial court failed to include in the final judgment all the findings required by section 61.08(2) and directing the court to make those findings on remand); Galstyan v. Galstyan, 85 So. 3d 561, 564 (Fla. 4th DCA 2012) ("In determining ability to pay, the trial court must make specific findings of fact regarding the paying spouse's financial resources."); Gray v. Gray, 103 So. 3d 962,

4

964-67 (Fla. 1st DCA 2012) (reversing the alimony award because the final judgment failed to include sufficient factual findings).

Further, the trial court may award retroactive alimony when appropriate, but it must be based on the receiving spouse's need and the paying spouse's ability to pay. Valentine v. Van Sickle, 42 So. 3d 267, 274 (Fla. 2d DCA 2010) (noting that the trial court made no findings about the parties' incomes between the time of the divorce filing and the entry of the final judgment as required by section 61.08); see also Vitro v. Vitro, 122 So. 3d 382, 385 (Fla. 4th DCA 2012).

Lastly, a trial court's award of attorney's fees is reviewed for an abuse of discretion and is controlled by section 61.16, Florida Statutes. Mitchell v. Mitchell, 141 So. 3d 1228, 1229 (Fla. 1st DCA 2014). Section 61.16(1), Florida Statutes (2013), provides that "[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this . . . ." The purpose of section 61.16 is "'to ensure that both parties will have a similar ability to obtain competent legal counsel.'" Broemer, 109 So. 3d at 290 (quoting Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997)). "A trial court must determine the ultimate issue of fees and costs after the dissolution proceeding concludes, based on the parties' respective financial circumstances." Id.

5

"[A] trial court reversibly errs when it awards attorney's fees without making the requisite findings as to the proper amount," "'even if there is competent, substantial evidence to support the award.'" Mitchell, 141 So. 3d at 1229 (internal citation omitted). An order to pay a portion of the spouse's attorney's fees must be based on the requesting party's need and the other party's ability to pay the fees. Winder, 152 So. 3d at 842. "'The trial court must [] make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors.'" Id. (internal citation omitted). "'A dissolution order directing a party to pay the other party's fees and costs, which recites simply that the total amounts "are reasonable time spent and hourly rates," is insufficient under [*Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla.1985)].'" Id. (internal citation omitted); see also Mitchell, 141 So. 3d at 1229-30 (reversing in part and remanding to allow the court to make the requisite findings where the final judgment merely recited that the hours and hourly rate in the wife's affidavit of attorney's fees and costs were reasonable, but did not make specific findings as to the number of hours expended by the wife's attorney or whether those hours were reasonable, as required under Rowe); Bradham v. Bradham, 120 So. 3d 1274, 1276 (Fla. 1st DCA 2013) (reversing and remanding the attorney's fees award where the trial court found that the former wife had a need for a contribution to her attorney's fees and costs and the former husband had an ability

6

to pay, the former wife submitted an affidavit from her attorney's law firm attesting to the fees and costs incurred and detailed records of the hourly rate and hours expended, but there was no indication that the trial court considered the Rowe factors); Ard v. Ard, 765 So. 2d 106, 107 (Fla. 1st DCA 2000) (reversing and remanding the attorney's fees award where there was competent, substantial evidence in the record to support the award, but the trial court failed to make factual findings regarding the total number of hours expended by the appellee's attorney, the hourly rate, or the reasonableness of the fee).

Here, the trial court failed to make any findings of fact with regard to the Former Wife's need for alimony and the Former Husband's ability to pay, the parties' incomes and expenses, and the factors listed in section 61.08(2)(a)-(j); as such, we are constrained to reverse the alimony award, especially in light of the conflicting evidence that was presented during the hearing about her monthly expenses and his income. We likewise must reverse the attorney's fees award because the trial court did not make any findings of fact about the parties' need and ability to pay, the attorney's hourly rate, the number of hours reasonably expended, the reasonableness of the fee, and the appropriateness of reduction or enhancement factors.

Accordingly, we REVERSE the alimony and attorney's fees awards and REMAND for further proceedings consistent with this opinion.

SWANSON, and WINOKUR, JJ., CONCUR.