IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RYAN CHANDLER, FORMER
HUSBAND,

      Appellant,

v.

SCARLETT KIBBEY, FORMER
WIFE,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3038

_____/

Opinion filed August 9, 2016.

An appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

Samuel S. Jacobson of Bledsoe, Jacobson, Schmidt, Wright & Sussman, Jacksonville, for Appellant.

Renae J. Kenny of the Law Office of Renae J. Kenny, Fleming Island, for Appellee.

PER CURIAM.

      Appellant, Ryan Chandler, appeals a Final Judgment of Dissolution.  He raises two issues on appeal, only one of which has merit.  We agree with Appellant that reversal of the attorney's fee award to Appellee, Scarlett Kibbey, is warranted where

the trial court failed to make certain findings relating to the reasonableness of the award.  See Norman v. Norman, 939 So. 2d 240, 241-42 (Fla. 1st DCA 2006) (holding that the trial court's failure to make the required findings as to the amount of fees pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985), constituted reversible error); see also Bradham v. Bradham, 120 So. 3d 1274, 1276 (Fla. 1st DCA 2013) (reversing and remanding the attorney's fee award where the trial court found that the former wife had a need for a contribution to her attorney's fees and costs, the former husband had an ability to pay, and the former wife submitted an affidavit from her attorney's law firm attesting to the fees and costs incurred, but there was no indication that the trial court considered the Rowe factors); Ard v. Ard, 765 So. 2d 106, 107 (Fla. 1st DCA 2000) (reversing and remanding the attorney's fee award where there was competent, substantial evidence in the record to support the award, but the trial court failed to make factual findings regarding the total number of hours expended by the former wife's attorney, the hourly rate, or the reasonableness of the fee).  Accordingly, we reverse the attorney's fee award and remand for further proceedings.  We otherwise affirm the final judgment.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

LEWIS, WETHERELL, and RAY, JJ., CONCUR.