Levine, J.
Francisco Jimenez, the husband, appeals a final judgment of dissolution of marriage. He argues that the trial court (1) failed,to consider all of the statutory factors before awarding permanent alimony, (2) made insufficient factual findings before prospectively increasing alimony, and (3) made insufficient factual findings before mandating that the husband maintain life insurance to secure alimony. We agree on all three issues, and accordingly reverse and remand.
The lower court, when dissolving the parties’ marriage, awarded $500 a month in permanent alimony to the wife, Nilda Jimenez. In awarding permanent alimony, the court found that the parties had a long-term marriage; the husband made about $65,000 and the wife made about $35,000; the parties lived a life of modest means; and the wife had 100% time-sharing.
There was evidence that the wife was a certified nurse; an EKG technician, and a phlebotomist, but did not pursue employment in these fields. The wife had previously worked as a nurse but quit. However, the lower court - did not ex *78 pressly consider this evidence in evaluating whether permanent alimony was warranted.
The court also ordered that the wife’s alimony would automatically increase to $1,200 when the parties’ child graduated from high school. The court explained that alimony was $500 and child support was $700; once the child graduated from high school, the child support obligation would cease and $700 would be added to the husband’s alimony payments. The lower court did not explain why this automatic increase was necessary.
The court also required the husband to maintain life insurance to secure child support and alimony. Although the record reflected that the husband had only one policy on his own life, the court stated that because the husband was currently paying for two life insurance policies, it could require him to maintain those policies. The court did not articulate the circumstances that justified requiring the husband to maintain life insurance to secure alimony.
On appeal, the husband argues that the trial court erred because it did not consider all of the factors contained within section 61.08(2), Florida Statutes, before awarding the wife permanent alimony. We review the trial court’s alimony award for abuse of discretion. Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003).
Section 61.08(2), Florida Statutes (2015), lists ten factors that a court “shall consider” before awarding alimony. These factors include:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each.
(e) The earning capacities, educational levels, vocational skills, and em-ployability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) The responsibilities each party will have with regard to any minor children they have in common.
(h) The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment.
(i) All sources of income available to either party, including income available to either party through investments of any asset held by that party.
(j) Any other factor necessary to do equity and justice between the parties.
This statute requires the trial court to “include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.” § 61.08(1), Fla. Stat. A court’s “failure to consider all of the mandated factors [of section 61.08] is reversible error.” Ondrejack, 839 So.2d at 870 (emphasis added). If the trial court does not consider all of the statutory factors, the appropriate remedy is to remand so the lower court can give “proper consideration ... to all of the *79 statutory factors based upon the evidence in the record.” Id. at 871.
In the present case, the lower court failed to consider “all of the mandated factors.” See id. at 870. Notably, although there was testimony that the wife could seek alternative employment as a nurse, an EKG technician, or a phlebotomist, the lower court failed to consider her “earning capacities, educational levels, vocational skills, and employability.” § 61.08(2)(e), Fla. Stat. We therefore reverse and remand for the trial court to consider all of the section 61.08(2) factors.[1]
The husband next argues that the trial court erred in prospectively increasing alimony without making sufficient findings of fact.
Generally, “it is error to provide for an automatic, future change or termination of alimony based upon the anticipated occurrence of a future event.” Hitt v. Hitt, 571 So.2d 79, 80 (Fla. 4th DCA 1990). However, a prospective increase in alimony is permitted if the increase is “precisely drawn and conditioned upon a specifically identified occurrence.” Rao v. Rao, 501 So.2d 38, 39 (Fla. 2d DCA 1986). Before prospectively increasing alimony the court must “mak[e] specific factual findings of extenuating circumstances that would support the automatic increase in alimony.” Swanston v. Swanston, 746 So.2d 566, 568 (Fla. 1st DCA 1999). Conditioning an automatic increase in alimony upon the child reaching the age of majority, without any findings as to “extenuating circumstances that would support the automatic increase in alimony,” is error. Id.; Reid v. Reid, 365 So.2d 1050, 1051 (Fla. 4th DCA 1978); Umstead v. Umstead, 620 So.2d 1074, 1075 (Fla. 2d DCA 1993).
In the present case, the trial court stated that the husband’s alimony payments would increase automatically upon the child graduating from high school. The court made no additional findings to justify this increase. We therefore reverse and remand for the court to “mak[e] specific factual findings of extenuating circumstances” if, on remand, it decides to prospectively increase the husband’s alimony payments. See Swanston, 746 So.2d at 568.
Finally, the husband argues that the trial court erred in ordering him to maintain life insurance to secure the wife’s alimony. We review a trial court order requiring that a party maintain life insurance for abuse of discretion. Gepfrich v. Gepfrich, 510 So.2d 369, 370 (Fla. 4th DCA 1987).
Although a trial court may require a party to maintain life insurance to secure alimony, “it must make ‘specific findings as to the availability and cost of the policies and the impact of such cost on the husband.’” Galstyan v. Galstyan, 85 So.3d 561, 565 (Fla. 4th DCA 2012) (quoting Norman v. Norman, 939 So.2d 240, 241 (Fla. 1st DCA 2006)). “ ‘An order requiring a spouse to maintain a life insurance policy to secure alimony ’is justified only if there is a demonstrated need to protect the alimony recipient.’ The ‘demonstrated need’ must be supported by competent, substantial evidence.” Id. (quoting Forgione v. Forgione, 845 So.2d 968, 969-70 (Fla. 4th DCA 2003)). Furthermore, “the amount of life insurance required must not exceed the support obligation.” Brennan v. Brennan, 122 So.3d 923, 926-27 (Fla. 4th DCA 2013).
The court below stated that the husband was able to maintain life insurance to secure both child support and alimony be *80 cause the husband already had two life insurance policies. However, the record reflects that the husband indicated he had only one policy on his own life. Thus, it is unclear whether the lower court was requiring the husband to obtain an additional life insurance policy. If the court was requiring the husband to maintain multiple policies, the court must make findings as to the availability and cost of obtaining multiple policies. Furthermore, the court’s order did not articulate what “demonstrated need” of the wife justified requiring the husband to maintain life insurance to secure his alimony obligation. Finally, the lower court neglected to state the amount of life insurance the husband must maintain to secure his alimony obligation.
We therefore reverse and remand for the lower court to clarify the amount of life insurance the husband must maintain to secure alimony if the court on remand determines that life insurance is required. Additionally, the court must state what “demonstrated need” justifies requiring that the husband maintain life insurance.
In summary, we reverse and remand for the trial court to consider all of the section 61.08 factors in determining whether to grant the wife permanent alimony. We also remand with instructions that if the trial court determines that a prospective increase in alimony is warranted, it must make the requisite findings of fact. Finally, we reverse the trial court’s mandate that the husband secure his alimony payments with life insurance, and on remand, the trial court must make the necessary findings of fact before ordering the husband to maintain life insurance.

Reversed and remanded.

Taylor and Conner, JJ., concur.

. Other factors the trial court failed to address include factors (c), "[t]he age and the physical and emotional condition of each party”; (0, ‘‘[t]he contribution of each party to the marriage”; and (h), ”[t]he tax treatment and consequences to both parties of any alimony award.” The court should also address these factors on remand.