# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5355

_____

WINDSOR FALLS CONDOMINIUM
ASSOCIATION, INC., a Florida
not-for-profit corporation,

    Appellant,

    v.

BRENDAN DAVIS; JANET DAVIS;
UNKNOWN TENANT 31 k/n/a
SHAWNA ANDERSON,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Robert M. Dees, Judge.

February 28, 2019

B.L. THOMAS, C.J.

In this appeal of an award of attorney's fees, Appellant argues that the trial court erred by: 1) failing to include Rowe[*] findings in the final judgment; 2) not awarding all costs incurred by Appellant; 3) not awarding attorney's fees incurred in litigating the amount and reasonableness of fees; and 4) relying on the arbitrary opinion of Appellee's expert to determine the award. We

---

[*] *Florida Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985).

reject Appellant's second and fourth issues raised without further discussion.

As to Appellant's argument that it is entitled to attorney's fees for litigating the amount of fees, the Fourth District has held that a trial court did not err in awarding fees-for-fees under a contract broadly written to allow the prevailing party to recover fees for "any litigation between the parties under this Agreement." *Waverly at Las Olas Condominium Ass'n, Inc. v. Waverly Las Olas, LLC*, 88 So. 3d 386, 388 (Fla. 4th DCA 2012) (emphasis removed). In *Pretka v. Kolter City Plaza II Inc.*, the Southern District of Florida distinguished *Waverly at Las Olas*, observing that the contract in *Waverly* provided a fee award for "any litigation," whereas the contract in *Pretka* provided a fee award for "litigation to enforce" the agreement. 2013 WL 12080754 at *1 (S.D. Fla. Dec. 10, 2013). The Southern District held that this language did not encompass an award of fees-for-fees. *Id.*

The contract here provides that Appellee is responsible for condominium assessments and the "costs of collection thereof, including Legal Fees." Because the trial court had already determined that Appellant was the prevailing party, and the parties had stipulated to Appellant's entitlement to legal fees and costs, the ensuing litigation over the amount of reasonable attorney's fees did not constitute litigating the collection of condominium assessments. *See State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 833 (Fla. 1993) (holding that litigating the amount of legal fees "inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment"). Although we do not reject the argument that a contract can provide for an award of attorney's fees, including fees incurred for litigating the fee amount itself, we hold that the trial court did not err in denying Appellant such an award.

As to Appellant's argument that the trial court failed to include *Rowe* findings in the final judgment, we reverse and remand for further proceedings, as the trial court failed to make certain necessary findings in the final judgment, as required under Florida law. "Appellate courts apply the abuse of discretion standard to review a lower court's award of attorney's fees." *Mitchell v. Mitchell*, 141 So. 3d 1228, 1229 (Fla. 1st DCA 2014). In

2

*Rowe*, the supreme court found the lodestar approach to be the appropriate method for determining an attorney fee award. 472 So. 2d at 1151-52, *holding modified by Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). "The first step in the lodestar process requires the court to determine the number of hours reasonably expended on the litigation." *Id.* at 1150. "The number of hours reasonably expended, determined in the first step, multiplied by a reasonable hourly rate, determined in the second step, produces the lodestar, which is an objective basis for the award of attorney fees." *Id.* at 1151.

A final judgment must include specific findings as to the hourly rate, the number of hours expended, whether those hours were reasonable, and any reduction factors. *Mitchell*, 141 So. 3d at 1230 (reversing a final judgment that did not include findings as to the number of hours expended or whether those hours were reasonable); *Rowe*, 472 So. 2d at 1151. "'The lack of findings constitutes reversible error, even if there is competent, substantial evidence to support the award.'" *Norman v. Norman*, 939 So. 2d 240, 242 (Fla. 1st DCA 2006) (quoting *Hamlin v. Hamlin*, 722 So. 2d 851, 852 (Fla. 1st DCA 1998)); *see also Hysmith v. Hysmith-Graham*, 948 So. 2d 974, 975 (Fla. 1st DCA 2007) ("Although a reduction in attorney's fees might ultimately be appropriate in this case, we must reverse the present order because the trial court failed to set forth specific findings regarding the attorney's hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors.").

In *Wilkerson v. Johnson*, 139 So. 3d 965, 967 (Fla. 1st DCA 2014), this Court reversed and remanded a final order awarding fees and costs, because the trial court did not make findings as to why the award differed from the amount requested by the prevailing party. Here, the final judgment included no findings regarding the reasonable number of hours expended. Although the trial court found that "the hourly rates sought by Plaintiff's attorneys are reasonable and appropriate," there are no findings as to what those rates were, and such findings are required under *Rowe*. 472 So. 2d at 1151-52. Instead, the final judgment simply contained a line stating "Reasonable Attorney's Fees $3,933.00," which is an amount significantly lower than the amount requested by Appellant's attorneys, even excluding any so-called "fees-for-

3

fees" issues. We therefore reverse and remand to allow the trial court to make the requisite findings. *See Wilkerson*, 139 So. 3d at 967; *Mitchell*, 141 So. 3d at 1230; *Norman*, 939 So. 2d at 242.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

WETHERELL and WINSOR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

James J. Roche of McCabe & Ronsman, Ponte Vedra Beach, for Appellant.

Matthew C. Bothwell, Neptune Beach, for Appellees Brendan Davis and Janet Davis.