DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERTO RABADAN,**
Appellant/Cross-Appellee,

v.

**ANA RABADAN,**
Appellee/Cross-Appellant.

No. 4D19-3219

[May 19, 2021]

Appeal and cross-appeal from the Fifteenth Judicial Circuit, Palm Beach County, Dina A. Keever-Agrama, Judge; L.T. Case No. 50-2017-DR-008256-XXXX-NB.

Denise C. Desmond and Howard Rudolph of Rudolph & Associates, LLC, West Palm Beach, for appellant/cross-appellee.

Ralph T. White of The Law Office of RT White, Palm Beach Gardens, for appellee/cross-appellant.

### *ON APPELLEE/CROSS-APPELLANT'S MOTION FOR REHEARING*

PER CURIAM.

The appellee/cross-appellant's motion for rehearing is denied, but we withdraw our corrected opinion issued on March 31, 2021, and replace it with the following opinion.

Appellant, Alberto Rabadan ("Husband"), seeks review of an alimony award granted to Appellee, Ana Rabadan ("Wife"), after presentation of divergent expert testimony on the financial ability of Husband to pay alimony. We reverse the alimony award because it leaves the Husband with significantly less net income than the Wife, in violation of section 61.08(9), Florida Statutes (2017).

## Background

Husband and Wife each presented opposing forensic accountants to opine on Husband's capacity for alimony. Factors affecting their opinions

were: the valuation of the family business; a change in industry standards for competitive bidding in the business's road maintenance projects; the cost and propriety of a new warehouse lease for the business; a significant increase in payroll expenses; and a line of credit which Husband obtained to allegedly preserve the business.

Wife's accountant testified that her need was $9,523 per month and that Husband's net income was $15,260 per month. Husband's accountant testified that Wife's monthly need was $7,877 per month and that Husband's net income was negative – [$2,331] per month. The conflicting testimony on Husband's income was attributed to how each accountant treated the factors listed above.

The trial court was persuaded by Wife's accountant and found that Husband had the ability to pay $8,000 per month. The trial court also awarded comprehensive health and dental insurance that was open-ended and did not contain a monetary limitation on the maximum cost of those insurances. The trial court then ordered the Husband to purchase a life insurance policy to secure the alimony. The trial court failed to make findings regarding the availability and cost of the life insurance policy and the impact such cost would have on the Husband.

## Analysis

An alimony award is reviewed for abuse of discretion. *Canakaris v. Canakaris*, 382 So. 2d 1197, 1202 (Fla. 1980).

Section 61.08(9) states that "[t]he award of alimony *may not leave the payor with significantly less net income than the net income of the recipient* unless there are written findings of exceptional circumstances." § 61.08(9), Fla. Stat. (2017) (emphasis added).

"An alimony award, combined with other awards such as health insurance for a minor child, may leave [the paying spouse] without the means to support himself [or herself], such that no reasonable [person] could differ as to the impropriety of the court's award." *Ballesteros v. Ballesteros*, 819 So. 2d 902, 903 (Fla. 4th DCA 2002). "It is well-established that a trial court may, in its discretion, order a spouse to pay a reasonable amount for medical insurance premiums as a part of the alimony award." *Cyphers v. Cyphers*, 373 So. 2d 442, 445 (Fla. 2d DCA 1979).

However, if a provision of the final judgment requires a party to provide medical or dental insurance for the other party, there must a monetary

limitation on the "maximum cost of such insurance." *Guralnick v. Guralnick*, 645 So. 2d 1097, 1097-98 (Fla. 4th DCA 1994). A trial court may require a party to maintain life insurance to secure alimony, but "it must make 'specific findings as to the availability and cost of the policies and the impact of such cost on the [spouse].'" *Jimenez v. Jimenez*, 211 So. 3d 76, 79 (Fla. 4th DCA 2017) (quoting *Norman v. Norman*, 939 So. 2d 240, 241 (Fla. 1st DCA 2006)).

Here, the trial court was persuaded by testimony from the Wife's accountant in determining that Husband's net income was $15,260 per month and granting the Wife $8,000 per month as a base alimony award. The trial court also required the Husband to pay other expenses on behalf of the Wife as part of the final alimony award, including her health and dental insurance expenses. And the Husband was required to purchase life insurance to secure his alimony obligations. When these additional expenses are added to the base alimony award, the Husband is left with "significantly less net income than the net income of the recipient" in violation of section 61.08(9).

The trial court may leave a paying spouse with significantly less net income than the net income of the receiving spouse only when it makes "written findings of exceptional circumstances." *Id.* Understandably, the trial court wanted to ensure the Wife would have enough alimony to meet her needs, particularly since she was suffering from a terminal illness. But the trial court failed to make the requisite findings to warrant an exception to section 61.08(9).

Instead, the trial court simply stated in the final judgment that the Wife relies upon her adult children for assistance with "daily activities, transportation to medical care, and emotional support." The trial court then concluded the alimony needed to provide for a "residence large enough for one or more of her adult children to reside with her."

The trial court's justification impermissibly required the Husband to contribute to the support of adult children that he no longer had a legal obligation to support. *See* § 743.07(2), Fla. Stat. (2017) (recognizing only two exceptions that permit a court to require support for adult children: (1) dependents who are incapacitated and (2) adult children that are still in high school "with a reasonable expectation of graduation before the age of 19").

In conclusion, while we affirm the other issues raised by the Husband and the issue raised on cross-appeal by the Wife, we hold the trial court's failure to include any express "written findings of exceptional

3

circumstances" that could justify leaving the Husband with significantly less net income than the Wife requires us to reverse and remand for an appropriate determination of alimony consistent with this opinion. The $8,000 base alimony award appears to be the ceiling and not the floor.

If on remand the trial court includes an amount to be paid directly by the Husband for the Wife's health and dental insurance, the trial court shall comply with the dictates of *Guralnick*, 645 So. 2d at 1097-98. And, if on remand the trial court requires the Husband to purchase life insurance to secure his alimony obligation, the court shall make the findings required by *Jimenez*, 211 So. 3d at 79.

*Reversed in part, affirmed in part, and remanded with instructions.*

LEVINE, C.J., MAY and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***